UNITED STATES DISTRICT COURT
DISTRICT FOR CONNECTICUT

FILED

2003 DEC 10  P 12: 07

L.S. PPA, MR. AND MRS F.S.
      Plaintiffs

v.                                                           CIVIL ACTION No.
                                                         3:02 CV 1386 (SRU)

NEW FAIRFIELD HIGH SCHOOL, et al,          December 5, 2003
      Defendants

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY

**I.**     **INTRODUCTION**

This matter is before the Court as plaintiffs' motion to compel the disclosure and discovery of certain individuals, reports, personal information and educational records that are in the in the sole and exclusive control of the defendants.

On July 10, 2003, the plaintiffs served a set of interrogatories on the defendants. In particular the plaintiff had requested the names and address of each individual who was present during the incidents alleged in the Complaint and/or the names and addresses of each who may have knowledge related to the allegations set forth in the Complaint. The defendants objected to each interrogatory stating that the provisions of the *Family Rights Privacy Act (FERPA)* 20 U.S.C. §1232g *et seq.* and a protective order issued by the Court on January 16, 2003 precluded any response to each interrogatory.

On July 10, 2003, the plaintiffs served a request for production on the defendants seeking a copy of any written or electronic communications, notes, reports, and any other tangible information related to the allegations set forth in the Complaint. In addition, the plaintiff requested a complete copy of her academic and educational record, a copy of any correspondence between Paul Hoffman and the plaintiffs, internal

**ORAL ARGUMENT REQUESTED, NO TESTIMONY REQUIRED**

memorandum concerning the plaintiff L.S. and Jan Jordan and Paul Hoffman, a witness statement of an individual identified as L.D., police reports, letters from Dr. Gallucci to the plaintiff L.S., the names and addresses of twelve individuals only identified by their initials and any correspondence or reports authored by such individuals, and a copy of any investigations completed by the defendants or any agency, including the local or state police. In response to each of these requests, the defendants objected stating that the provisions of FERPA and/or the Court's protective order precluded the disclosure of such materials.

Counsel for the parties had conferred and they were unable to amicably resolve the discovery dispute. The plaintiffs seek an Order form this Court order the complete and full disclosure of the materials set forth in the plaintiffs' Interrogatory and Request for Production dated July 10, 2003. Plaintiffs filed a motion to compel discovery on September 26, 2003. This memorandum is filed in support of that motion.

## II ARGUMENT

The scope of discovery under F.R.Civ. P. 26(b) is very broad and it encompasses any matter that may bear upon or reasonably bear upon any issue that may be presented in the case or may lead to any other matter that may bear upon the case. Maresco v. Evans Chemetics 964 F. 2d 106, 114 (2d Cir. 1992)(citing Oppenheimer Fund v. Sanders 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)). According to F.R.Civ. P. 26(b)(1), parties may obtain discovery of any information, not privileged, that is relevant to the claim or defense of any party even if that information may not be admissible at trial if discovery of such information is reasonably likely that it may lead to admissible information. The scope of discovery is not unlimited especially id the discovery requested is unreasonable, duplicative, or burdensome or the burden or expense of discovery outweighs the benefit. F.R. Civ. P. 26 (b)(2).

In the present matter, the defendants have not asserted a claim of privilege or that the plaintiffs' discovery request was unduly burdensome. Instead, they simply assert that either the Court's Protective Order or FERPA itself preclude the release of the information requested. However, the plaintiffs were not aware of any Protective order issued by the Court that was so expansive that it precluded discovery of relevant materials. Instead, it was plaintiffs' belief that the Protective Order was designed to ensure the privacy of litigants and non-litigants alike from the public and did not preclude discovery altogether.

Further, a careful reading of FERPA reveals that the defendants have misconstrued the provisions therein. For example, the plaintiffs requested a copy of L.S.'s academic record and an addendum to her academic record. However, the defendants' objected to the release of that information on the grounds that FERPA precluded the release of that information. However, the plain language of FERPA itself clearly states that the student's own academic records may be released without consent or a court order or subpoena if the student (or parent) has initiated a legal action against the educational agency. 34 C.F.R. §99.31(a)(9)(iii)(B). In addition, the defendants have relied upon FERPA to prevent the disclosure of materials that are not even covered by FERPA's definition of *educational records*. 34 C.F.R. §99.3. For example, the plaintiffs have requested a copy of correspondence involving L.S. and Paul Hoffman, Dr. Joseph Gallucci, Sue Ravoir, and/or Kathleen Matusiak. There is no evidence that this correspondence is any educational record. In the absence of any proof or claim by the defendants that the correspondence or memorandum requested are educational records, defendants' reliance upon FERPA was misplaced. See, 34 C.F.R. §99.3 (exclusions from definition of educational records includes records made for a personal memory aid.).

The Court has discretion to compel discovery after consideration of the arguments of the parties and may tailor an order to the circumstances of the case. *Security Insurance co. v. Trustmark Insurance Co.* Docket No. 3:01 CV 2198 (PCD), (D.Conn. June, 2003) *slip op.* at p. 5. (citing *Gile v. United Airlines* 95 F. 3d 492, 496 (7th Cir. 1996). The plaintiffs request the Court to compel the disclosure of the requested materials and information through the issuance of a Court Order, thereby satisfying the defendants' FERPA argument, to the extent such argument is relevant, and subject to any Protective Order issued or modification to an existing Protective Order. The defendants are in possession of material and relevant information that the plaintiffs require as part of their case. There is no alternative method of obtaining such information and a manifest injustice will inure only to the plaintiffs, unless the Court intercedes into this discovery dispute and overrule the defendants' objections to the plaintiffs' discovery request dated July 10, 2003.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the plaintiffs request the Court to compel the disclosure of the discovery materials requested and order any other relief deemed just and proper.

Respectfully submitted,

THE PLAINTIFFS

By_____
Lawrence W. Berliner
Howard Klebanoff, P.C.
43 South Main Street, Suite 102
West Hartford, CT 06110
1-860-313-5005
Federal Bar No. ct 7002

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage prepaid to the following counsel of record on this 8th day of December, 2003:

Attorney Melissa Scozzafava
Kernan and Henry
P.O. Box 2156
Waterbury, CT 06722

Attorney Melinda Powell
Howd and Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

_____
Lawrence W. Berliner