UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| L. S. PPA, MR. AND MRS. F.S. | } |
| | } |
| PLAINTIFFS | } CIVIL ACTION NO. |
| | } 3:02CV1386(SRU) |
| V | } AUGUST 10, 2005 |
| NEW FAIRFIELD HIGH SCHOOL, NEW | } |
| FAIRFIELD BOARD OF EDUCATION, | } |
| CHRIS HOFFMAN AND JOSEPH GALLUCCI, | } |
| IN THEIR OFFICIAL CAPACITY | } |
| | } |
| DEFENDANTS | } |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In accordance with the provisions of the Local Rules of Civil Procedure, Local Rule 56(a), the plaintiffs submit the following as his statement of material facts not in dispute relative to Counts One (1) and Four (4) of the Complaint.

1. Plaintiff had attended New Fairfield High School during the 2000-01 school year. Defendant's Answer p. 4.

2. New Fairfield Board of Education is a local school district organized under the laws of the State of Connecticut and owns and operates New Fairfield High School. Defendant's Answer p. 6.

3. Defendant Dr. Joseph Gallucci was employed by New Fairfield Board of Education during the 2000-01 school year as a Principal and Defendant Paul Hoffman was employed as an assistant Principal and both were employed at New Fairfield High School.  <u>Deposition of Gallucc</u>i pp 10-12 (11/10/04); <u>Deposition of Hoffman</u> p. 68 (8/6/04).

4. As a federal financial recipient, the Defendant was required to adhere to various federal civil rights laws including Title IX of the Educational Amendments Act of 1972, as amended.  20 U.S.C. §1681(a) <u>et seq</u> and regulations thereunder.

5. Title IX was enacted by Congress to proscribe discrimination and harassment on the basis of one's sex, by federal fund recipients and the law covers school district employees and students enrolled in Defendant's public schools.

6. The Defendant New Fairfield Board of Education adopted a formal policy during February, 1988 in order to implement its obligations under Title IX. (Attachment H)

7. The United States Department of Education Office for Civil Rights originally issued a Formal Policy Guidance on March 13, 1997 on sexual harassment involving harassment of students by school employees and other students to federal fund recipients such as Defendant New Fairfield board of Education.  62 <u>Fed. Reg.</u> No. 49 pp. 12034-12051 (3/13/97).

8. Plaintiff was verbally and/or physically harassed by other students at New Fairfield High School on the basis of her sex throughout the 2000-01 school

year and during the summer 2000 immediately before the commencement of the school year.  <u>Deposition of Joan Stolfi</u> pp 29, 32-45, 46-68, 130-131 (2/18/04)

 9. Plaintiff and her parents met with the Defendants to discuss their concerns with the tone and tenor of several e-mail messages and threats that were sent to or received by the Plaintiff by students enrolled at New Fairfield High School.  <u>Deposition of Dr. Gallucci </u>p. 49 (11/10/04)

 10. Defendant Hoffman recalled meeting with Plaintiff's mother during the summer 2000 prior to the commencement of the 2000-01 school year to discuss her concerns with Plaintiff's transition to high school and social difficulties that Plaintiff had with certain students at New Fairfield High School.  <u>Deposition of Hoffman</u> pp. 14-15 (8/6/04).

 11. Defendant Hoffman had intervened in a confrontation at New Fairfield High School between the Plaintiff and a student named Lindsay D'Angelo whereby D'Angelo was engaged in verbal altercation with Plaintiff, as well as D'Angelo pushing or physically striking the Plaintiff.  <u>Deposition of Hoffman</u> pp. 36-37 (8/6/04).

 12. Defendant Hoffman contacted the school resource officer regarding the incident and instructed D'Angelo not to return to school until he had an opportunity to speak to her parents.  <u>Deposition of Hoffman.</u> Pp. 37-38.

 13. Defendant Hoffman was aware that Plaintiff's parents had expressed concerns on one or more occasions that Lyndsey D'Angelo was threatening

3

violence against the Plaintiff during the 2000-01 school year. <u>Deposition of Hoffman.</u> P. 43 (8/6/04).

14. Defendant Hoffman was aware that Plaintiff spent time in the school office assisting a school secretary who had taken Plaintiff "under her wing" because the Plaintiff was uncomfortable being in the cafeteria during lunch and study hall because she was nervous and uncomfortable about her safety in the cafeteria. <u>Hoffman Deposition</u> pp. 44-46 (8/6/04).

15. Defendant Hoffman was aware of graffiti located in the girls' bathrooms at New Fairfield High School that referred to the Plaintiff in a sexually offensive manner. <u>Hoffman Deposition</u> pp. 55 (8/6/04).

16. Defendant Hoffman was aware that Plaintiff was under severe duress and stress and feared for her safety as the direct result of the peer to peer incidents that occurred at New Fairfield High School. <u>Hoffman Deposition</u> pp. 70-71 (8/6/04).

17. Defendant Hoffman was part of a school investigation of posters posted at New Fairfield High School allegedly created by New Fairfield High School students including Nancy Hayes containing Plaintiff's picture and sexually offensive and graphic information concerning the Plaintiff. <u>Hoffman Deposition</u> pp. 76-79 (8/6/04); (attachment E).

18. Defendant Hoffman could not recall if Mandy Hayes had been disciplined by New Fairfield High School, but she may have been arrested due to the poster incident. <u>Hoffman Deposition</u> p. 79 (8/6/04).

19. Defendant Hoffman was aware that Plaintiff had attempted suicide around March, 2001. Hoffman Deposition p. 21 (8/6/04).

20. Defendant Hoffman was aware that Plaintiff withdrew from New Fairfield High School following the 2000-01 school year because it was not a safe school environment for her. Hoffman Deposition p. 85-86 (8/6/04).

21. Defendant Hoffman was aware of the provisions of Title IX, had received training on that federal law, and was aware that this law proscribed sexual harassment in its many forms in the school environment, including peer to peer harassment and stated that the law applied to sexually explicit graffiti. Hoffman Deposition pp. 87-92 (8/6/04).

22. Defendant Gallucci received training on Title IX involving sexual harassment and training on bullying. Deposition of Gallucci pp. 17-19 (1/10/04)

23. Defendant Gallucci received State Department of Education Circular Letters on sexual harassment and discrimination, including Circular Letters No. 23 and No. 14. Deposition of Gallucci pp. 21, 83-86 (11/10/04); (attachment K and L).

24. Defendant Gallucci was aware of verbal and physical altercations between the Plaintiff and other female students at New Fairfield High School including Lyndsey D'Angelo. Deposition of Gallucci p. 24-25 (11/10/04).

25. Defendant Gallucci was aware that Plaintiff's father had concerns that the Defendants were not handling the discipline of New Fairfield High School students properly involved with the verbal and physical harassment of his daughter. Deposition of Gallucci p. 28-30 (11/10/04).

26. Defendant Gallucci was aware of a poster found at New Fairfield High School with Plaintiff's picture and that of another female student that contained inappropriate and graphic sexual reference to the Plaintiff and the other student. Deposition of Gallucci pp. 32 (11/10/04); (attachment).

27. Defendant Gallucci was aware that Plaintiff's locker at New Fairfield High School had been vandalized with the locker removed and Plaintiff's books and personal property being strewn all over the Town of New Fairfield. Deposition of Gallucci p. 44 (11/10/04).

28. Defendant Gallucci recognized the poster with Plaintiff's picture and the sexually explicit and offensive references to her and another student. Deposition of Gallucci pp. 47, 74, 75 (11/10/04) (Attachment E).

29. Defendant Gallucci was aware of the "inappropriate" graffiti in the girls' bathroom at New Fairfield High School and painted over it himself after the custodial staff had failed to remove it. Deposition of Gallucci pp. 45-46 (11/10/04).

30. Defendant Gallucci recalled an incident whereby Plaintiff's locker had been vandalized. Deposition of Gallucci p. 44 (11/10/04).

31. Defendant Gallucci was aware of a memo authored by Hoffman dated August 6, 2001that chronicled over twelve (12) episodes of verbal and physical harassment of the Plaintiff involving students at New Fairfield High School during the 2000-01 school year in addition to preparing his own addendum to the Plaintiff's file dated June 16, 2001 that summarized a June 14, 2001 meeting with the Plaintiff's parents containing a chronology of harassment of Plaintiff

throughout the school year.  <u>Deposition of Gallucci</u> p. 52 (11/10/04); (attachment F and G).

32.  Defendant Gallucci was aware of a letter dated November 11, 2000 from Plaintiff's father to him stating his concerns about sexually offensive graffiti in the girls' bathroom.  <u>Deposition of Gallucci</u> p. 77 (11/10/04); (attachment I).

33.  Defendant Gallucci was aware that Plaintiff's parents had concerns about the safety of the Plaintiff at New Fairfield High School.  <u>Deposition of Gallucci</u> p. 81 (11/10/04) (attachment G and I).

34.  Defendant Gallucci remembered receiving a copy of Circular Letter No. 23 but was uncertain about Circular Letter No. 14 issued by the State Department of Education.  <u>Deposition of Gallucci</u> pp. 84-85; (11/10/04) (attachment K and L).

35.  Defendant Gallucci stated that as Principal of New Fairfield High School that he was ultimately responsible for the school.  <u>Deposition of Gallucci</u> p. 91 (11/10/04).

36.  Mandy Hayes, a student at New Fairfield High School during the 2000-01 school year testified that it was possible that she was responsible for the poster that contained Plaintiff's picture and sexually offensive references to Plaintiff.  <u>Hayes Deposition</u> pp. 19-20 (6/29/04); (attachment E).

37.  Mandy Hayes recalled being called to the New Fairfield High School office regarding an investigation of the poster incident.  <u>Hayes Deposition</u> pp. 19-20 (6/24/04).

38. Mandy Hayes recalled being arrested regarding the poster incident but had no recollection if she went to court. Hayes Deposition p. 21 (6/29/04).

39. Lindsey D'Angelo, was a student at New Fairfield High School during the 2000-01 school year was unable to recall many of the details relative to the questions asked during her deposition but did not deny the claims of the Plaintiff because she asserted that she was "a bitch by nature." D'Angelo Deposition p. 50 (1/12/05).

40. Nicole Marvin was a student at New Fairfield High School during the 2000-01 school year and recalled between eight and nine incidents whereby the Plaintiff was verbally harassed by students at New Fairfield High School and witnessed one or two incidents whereby the Plaintiff had been physically assaulted at New Fairfield High School. Marvin Deposition pp. 8-9 (3/2/05).

41. Nicole Marvin recalled that New Fairfield High School students repeatedly made sexual references to and about the Plaintiff and used "serious profanity" and sexually degrading comments. Marvin Deposition pp. 10-11 (3/2/05).

42. Nicole Marvin witnessed one episode whereby Lindsey D'Angelo physically assaulted the Plaintiff in the hallway at New Fairfield High School, shoved Plaintiff into the lockers and was yelling profanities at the Plaintiff. Marvin Deposition p. 11 (3/8/05).

43. Nicole Marvin observed graffiti in the girls bathroom at New Fairfield High School throughout the 2000-01 school year that specifically referenced the

Plaintiff as a "slut, whore, slut tease, suicidal slut, suicidal slut with STD's," in addition to other threats that someone would kill the Plaintiff. Marvin Deposition pp. 14-15 (3/8/05).

44. Nicole Marvin saw five to six posters at New Fairfield High School with the Plaintiff's picture and her own picture and sexually graphic reference to both the Plaintiff and herself. Marvin Deposition pp. 20-21 (3/8/05). (attachment E).

45. Nicole Marvin and the Plaintiff met with Dr. Gallucci after observing the poster. Marvin Deposition p. 21 (3/8/05).

46. Nicole Marvin believed that Mandy Hayes was responsible for the poster by taking a picture of her from the school secretary's desk area and using the school's copy machine to create and publish the poster. Marvin Deposition pp. 21-23 (3/8/05).

47. Nicole Marvin stated that she was terribly upset, along with the Plaintiff, with the poster and had observed the Plaintiff crying and visibly upset after seeing the poster. Marvin Deposition pp. 22-23 (3/8/05).

48. Nicole Marvin stated that she had met with the Defendant New Fairfield High School officials, that they were aware of what was going on at New Fairfield High School with respect to "all the stuff that was going on" at New Fairfield High School, but nothing ever resulted from that meeting. Marvin Deposition p. 29 (3/8/05).

49. Nicole Marvin stated that the Defendant New Fairfield High School School Administrators did not address the verbal threats and physical threats that she received, along with the Plaintiff.  Marvin Deposition p. 29 (3.8/05).

50. Nicole Marvin recalled the incident whereby Plaintiff's locker had been vandalized and Plaintiff's personal property therein had been removed and scattered on public streets.  Marvin Deposition pp 31-32 (3/8/05).

51. Nicole Marvin suspected that Lyndsey D'Angelo was responsible for that locker vandalism based upon her understanding that D'Angelo had obtained a master key from a Coach Nightegale.  Marvin Deposition p. 31 (3/8/05).

52. Nicole Marvin stated that there had been several food fights in the New Fairfield High School Cafeteria whereby New Fairfield High School students including Lyndsey D'Angelo had thrown food at the Plaintiff and screamed at the Plaintiff.  Marvin Deposition p. 33 (3/8/05).

53. Nicole Marvin stated that the plaintiff was not only upset by the poster incident, but the "constant conflict in school," and that Plaintiff went home extremely upset to her parents due to emotional distress.  Marvin Deposition p. 36 (3/8/05).

54. Nicole Marvin stated that she was aware that Plaintiff started seeing a psychologist or psychiatrist during the Spring of 2001because the Plaintiff was extremely upset with events that occurred during that school year with students at New Fairfield High School.  Marvin Deposition p. 37 (3/8/05).

55. Nicole Marvin stated that she was aware that the Plaintiff had attempted suicide during the 2000-01 school year because of a feeling of helplessness, the comments that were being made about her by New Fairfield High School students, and the issues that she was having with New Fairfield High School students.  <u>Marvin Deposition</u> pp. 38-39 (3/8/05).

56. Nicole Marvin attended at least one meeting with the Defendant Gallucci, the Plaintiff, Lyndsey D'Angelo and one other school administrator, whereby Dr. Gallucci had referred to the various incidents as "catty girl stuff." <u>Marvin Deposition</u> p. 39 (3/8/05).

57. Nicole Marvin stated that she found the "catty girl stuff" remark very degrading in view of all the comments that had been made, all the physical and verbal assaults that she and the Plaintiff were receiving, and the serious side effects and emotional distress that was occurring.  <u>Marvin Deposition</u> pp. 40-41 (3/8/05).

58. Nicole Marvin stated that she learned from Plaintiff that she was unable to return to New Fairfield High School following the 2000-01 school year because of the events that had occurred that school year and because she no longer felt safe in that school.  <u>Marvin Deposition</u> p. 42 (3/8/05).

59. Plaintiff was treated by Dr. Karl Kessler, a Board certified psychiatrist for child and adolescent psychiatry on or about March 29, 2001.  <u>Dr. Kessler's letter</u> (12/21/02) (attachment C).

60. Dr. Kessler diagnosed the Plaintiff with a major depressive disorder and ADHD and recommended psychotherapy with Danielle Quigley, LCSW. <u>Dr. Kessler's letter</u> (12/21/01) (attachment C).

61. Dr. Kessler's opinion was based upon Plaintiff's conflicts with peers at school, female peers posting an obscene poster about her, and peer harassment at school. <u>Dr. Kessler's letter</u> 12/21/01) (attachment C).

62. Dr. Kessler had recommended that Plaintiff attend a school other than New Fairfield High School due to the considerable stress created by the harassment and conflicts with peers at that high school. <u>Dr. Kessler's letter</u> (5/1/02) (attachment B).

63. Plaintiff was treated by Danielle Quigley LCSW following a suicide attempt on March 18, 2001 whereby she had cut her wrist. <u>Quigley letter</u> (1/10/02) (attachment A).

64. According to Danielle Quigley, the Plaintiff was overwhelmed and depressed by weeks of harassment at school, on the phone, through graffiti in the New Fairfield High School bathrooms and over the internet since October, 2000. <u>Quigley letter</u> (1/10/02) (attachment A).

65. Quigley reported that the Plaintiff seemed "much happier" attending a private high school commencing September, 2001. <u>Quigley Letter</u> (1/10/02) (attachment A).

66. Plaintiff was treated by Dawn Burrachio, LCSW commencing with the 2001-02 school year based upon a history of being bullied, being treated

sadistically and being tortured by peers at New Fairfield High School, that resulted in depression. Burrachio Deposition pp. 22, 42 (6/25/04).

67. Dawn Burrachio worked with Plaintiff primarily on peer relationship issues. Burrachio Deposition p. 29 (6/25/04).

68. Dawn Burrachio reported that in treating the Plaintiff, she had learned of Plaintiff's suicide attempt that was predicated upon Plaintiff's not wanting to feel the pain any more, rather than a desire not to live any more. Burrachio Deposition p. 37 (6/25/04).

69. At the time Dawn Burrachio had commenced her treatment with the Plaintiff, she had diagnosed the Plaintiff with a Depressive Disorder DSM-IV 296.2. Burrachio Deposition pp. 47-48 (6/25/04).

70. Dawn Burrachio had determined that the Plaintiff was a victim of sexual harassment while a student at New Fairfield High School, not the private catholic high school that she had attended following New Fairfield High School. Burrachio Deposition pp. 49-50 (6/25/04).

71. Dawn Burrachio stated that the type of bullying that Plaintiff had experienced at New Fairfield High School with peers was not just evil, it was heinous and resulted in scars that would not go away. Burrachio Deposition pp. 51-52 (6/25/04).

72. Plaintiff had observed graffiti in the girls' bathroom that referred to her as a "suicide slut with STD's" and a "suicidal bitch". Plaintiff's Deposition p. 50 (2/18/04).

73. Plaintiff reported that Lyndsey D'Angelo, a student at New Fairfield High School, had pushed her into a wall at the school and threatened to kill the Plaintiff in front of a New Fairfield High School teacher who did not say anything about this verbal and physical assault.  Plaintiff's Deposition p. 53 (2/18/04).

74. Plaintiff reported that in her meetings with the Defendants Galluccio and Hoffman, they acted like they did not like her and were nasty to her when she had requested their assistance regarding her complaints.  Plaintiff's Deposition pp. 68-69 (2/18/04).

75. Plaintiff stated that the Defendants Hoffman and Gallucci had told her that she was in the New Fairfield High School office "too much", that she had to leave, return to class, and her complaints involved "catty girl stuff," that they could not do anything about.  Plaintiff's Deposition pp. 69, 85-87 (2/18/04).

76. Plaintiff reported that she was afraid to eat in the New Fairfield High School cafeteria at lunch time due to confrontations and a school secretary had made it look like Plaintiff was performing "community service" in the office. Plaintiff's Deposition pp. 69, 86-87, 89-91 (2/18/04).

77. Plaintiff reported complaints each day to the Defendant school administrators and requested assistance but Defendants would not always see her.  Plaintiff's Deposition pp. 88-89.

78. Plaintiff stated that she did not believe there was such a thing as "catty girl stuff" and she believed peers were being "hurtful" and that peers were

continuously harassing her in the hallway at New Fairfield High School. Plaintiff's Deposition pp. 91-92 (2/18/04).

79. Plaintiff stated that when she had complained to the Defendant school administrators about the sexually offensive graffiti in the girls' bathroom such as the "suicidal bitch" reference to her and the Defendants referred to it as "catty girl stuff". Plaintiff's Deposition pp. 93-94 (2/18/04).

80. Plaintiff confided in a New Fairfield High School guidance counselor because it was the only place she felt safe when she was upset and crying and unable to go to her class due to confrontations and what was going on in New Fairfield High School and how nothing was being done to help her. Plaintiff's Deposition pp. 95-96.

81. Plaintiff reported her feelings of not wanting to go to New Fairfield High School each day and how her parents had to force her to attend New Fairfield High School. Plaintiff's Deposition p. 98 (2/18/04).

82. Plaintiff reported that Dawn Burrachio was her current therapist and she started seeking treatment from her for depression after Danielle Quigley. Plaintiff's Deposition pp. 101-104.

83. Joan Stolfi had testified that she had attempted to obtain a copy of the Defendant Board of Education's Title IX policies during the course of the school year. Stolfi Deposition p. 120-121 (2/18/04).

84. Joan Stolfi testified that her daughter, the Plaintiff, had been sexually harassed throughout the school year and she wanted to submit a Title IX

grievance, but that the Defendants had never referred her to the Title IX Coordinator, "because there was none." Stolfi Deposition p. 121 (2/18/04).

85. Joan Stolfi testified that Plaintiff came home from school every day during ninth grade crying due to the non-stop harassment and bullying at New Fairfield High School. Stolfi Deposition pp. 129-30, 137-38 (2/18/04).

86. Joan Stolfi reported that the harassment of Plaintiff by New Fairfield High School students including Lyndsey D'Angelo, Mandy Hayes, and Nosh Norman included the poster incident, name calling, and bathroom incidents. Stolfi Deposition pp. 132-33 (2/18/04).

87. Joan Stolfi reported that since leaving New Fairfield High School after the 2000-01 school year, Plaintiff's crying had subsided, that she was still depressed and that she had elected not to develop any friendships with peers at the private school. Stolfi Deposition pp. 149-50 (2/18/04).

88. Plaintiff attended Immaculate High School, a private school located in Danbury, CT commencing with the 2001-02 school year, following a Defendant Board of Education meeting based upon the recommendations of the Plaintiff's treating professionals. Stolfi Deposition pp. 119-20 (2/18/04).

89. The Defendant Hoffman provided a copy of its Title IX policy dated February, 1988 on November 1, 2001 in response to an undated request. Hoffman Memo to Mr. Stolfi (11/1/01) (attachment H).

90. Defendant's Student Handbook for the 2000-01 school year contained policies on school conduct and school related offenses, however, the Handbook

16

only provided a student such as Plaintiff of the Defendant's non-discrimination statement, but the Plaintiff was not advised on Title IX policies, Title IX contact person, and the process of filing a complaint. <u>2000-01 Parent and Student's Handbook </u>(attachment D).

91. Plaintiff withdrew from New Fairfield High School on August 29, 2001 due to safety concerns with New Fairfield High School. <u>Notice of Withdrawal</u> (8/29/01) (attachment J).

92. Plaintiff was treated at Danbury Hospital on March 18, 2001 for a suicide attempt. (attachment M).

93. Plaintiff had indicated that her suicide attempt was based upon the harassment received at her school, including name calling, assaults and being tormented at her school. (attachment M).

94. The State Department of Education issued Circular Letter C-28 on June 4, 1999 to local school districts in Connecticut advising local school districts of the Supreme Court's decision in <u>Davis v. Monroe County Board of Education</u> constructing the provision of Title IX and reminding local school districts of the provision of a previous Circular Letter C-23 issued on January 30, 1998 regarding

the proscription of sexual harassment. (attachment N).

                      PLAINTIFFS

                      By_____
                        Lawrence W. Berliner
                        Klebanoff & Alfano, P.C.
                        Corporate Center West
                        433 South Main Street Suite 102
                        West Hartford, CT 06110
                        Tel. No. (860) 313-5005
                        Fed. Bar No. CT 7002

**CERTIFICATION OF SERVICE**

     A copy of the foregoing and attached Index of Exhibits only has been mailed by first class mail, postage prepaid, this 9th day of August, 2005 to Attorney Melinda Powell, 65 Wethersfield Avenue, Hartford, CT 06114 and Attorney John K. McDonald, Kernan & Henry, LLP, P. O. Box 2156, Waterbury, CT 06722.  A copy of the attachments themselves were not mailed to the Defendant's counsel of record since the exhibits and depositions were previously disclosed by the Plaintiff at depositions and in discovery requests or requests to admit.

                        _____

                        Lawrence W. Berliner
                        Klebanoff & Alfano, P.C.
                        433 South Main Street Suite 102
                        West Hartford, CT 06110

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| L. S. PPA, MR. AND MRS. F.S. | } |
| | } |
| PLAINTIFFS | } CIVIL ACTION NO. |
| | } 3:02CV1386(SRU) |
| V | } AUGUST 10, 2005 |
| NEW FAIRFIELD HIGH SCHOOL, NEW | } |
| FAIRFIELD BOARD OF EDUCATION, | } |
| CHRIS HOFFMAN AND JOSEPH GALLUCCI, | } |
| IN THEIR OFFICIAL CAPACITY | } |
| | } |
| DEFENDANTS | } |

**PLAINTIFFS' INDEX TO ATTACHMENTS TO STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

A.   Letter to Attorney Alfano from Danielle Quigley, LCSW  (1/10/02)

B.   Letter to Joan Stolfi from Dr. Karl Kessler  (5/1/02)

C.   Letter to Attorney Alfano from Dr. Kessler  (12/21/01)

D.   2000-01 New Fairfield High School Parents' and Students' Handbook

E.   Poster with Plaintiff and Nicole Marvin's picture

F.   Memo from Paul Hoffman to Jan Jordan  (8/6/01)

G.   Addendum to Stolfi File from Dr. Gallucci  (6/16/01)

H. Hoffman Memo to Mr. Stolfi with attached Title IX Policy (11/1/01)

I. Frank Stolfi letter to Dr. Gallucci (11/11/00)

J. Plaintiff's Notice of Withdrawal from New Fairfield High School (8/24/01)

K. State Department of Education Circular Letter No. C-23 (1/30/98)

L. State Department of Education Letter Circular Letter No. C-14 (1/18/02)

M. Danbury Hospital Treatment Records (3/18/01)

N. State Department of Education Circular Letter No. C-28 (6/4/99)

O. Copy of Deposition of Dr. Gallucci (11/10/04)

P. Copy of Deposition of Paul Hoffman (8/6/04)

Q. Copy of Deposition of Nicole Marvin (3/8/05)

R. Copy of Deposition of Joan Stolfi (2/18/04)

S. Copy of Deposition of Lydia Stolfi (2/18/04)

T. Copy of Deposition of Mandy Hayes (6/29/04)

U. Copy of Deposition of Lyndsey D'Angelo (1/12/05)

V. Copy of Deposition of Dawn Burrachio (6/25/04)