**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| L. S. PPA, MR. AND MRS. F.S. | } |
| | } |
| PLAINTIFFS | } CIVIL ACTION NO. |
| | } 3:02CV1386(SRU) |
| V | } AUGUST 31, 2005 |
| NEW FAIRFIELD HIGH SCHOOL, NEW | } |
| FAIRFIELD BOARD OF EDUCATION, | } |
| CHRIS HOFFMAN AND JOSEPH GALLUCCI, | } |
| IN THEIR OFFICIAL CAPACITY | } |
| | } |
| DEFENDANTS | } |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**

In response to the Defendant's Local Rule 56(a)(1) Statement, the Plaintiff

L.S. responds as follows:

1.     Admitted

2.     Denied

3.     Admitted

4.     Admitted

5.     Plaintiff has insufficient information to form a basis to admit or deny

and leaves the Defendants to their proof.

6.     Plaintiff has insufficient information to form a basis to admit or deny

and leaves Defendants to their proof.

7.      Admitted

8.      Admitted

9.      Admitted in part, to the extent that Mr. Hoffman had testified, denied as to the balance, since his involvement was not limited to Exhibit G.

10.     Admitted

11.     Admitted

12.     Admitted in part, to the extent Mr. Hoffman had testified that he received training on sexual harassment, denied as to the balance, since the testimony in Exhibit G is at variance with this paragraph.

13.     Admitted

14.     Denied.  A copy of the Title IX policy was not part of the 2000-01 Student/Parent Handbook.

15.     Admitted in part, to the extent that the Plaintiff's parents had requested a copy of the Defendant's Title IX Policy prior to November 1, 2001, denied as to the balance.

16.     Admitted

17.     Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proofs.

18.     Admitted

19.     Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof.

20.     Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof.

21.     Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof.

22.     Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof.

23.     Admitted in part, to the extent that some of the perpetrators of the sexual harassment during the 2000-01 school year were Lindsay D'Angelo, Josh Norris, and Mandy Hayes, denied as to the balance of the paragraph.

24.     Denied.  The problems commence during the summer of 2000 prior to the commencement of the school year and continued thereafter.

25.     Denied.  Administrators were always present in the school building as required by state law.

26.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

27.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

28.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

29.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

30.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

31.    Admitted in part, to the extent that Mr. Hoffman had scheduled a meeting with the Plaintiff and Lindsey D'Angelo, the balance of the paragraph is denied.

32.    Admitted in part, to the extent that Plaintiff's had attended a meeting with Mr. Hoffman, the Plaintiff and Lindsey D'Angelo, the balance of the paragraph is denied.

33.    Admitted in part, to the extent that Dr. Gallucci had met with the Plaintiff and/or her father, the balance of the paragraph is denied.

34.    Admitted in part to the extent that Plaintiff's father had informed Dr. Gallucci of Mr. Hoffman's use of profanity and vulgar language with the Plaintiff during the meeting referenced in paragraph 33, the balance of the paragraph is denied.

35.    Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

36.    Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

37.    Admitted in part, to the extent that Plaintiff's father had complained that the Defendants had not meted out sufficient discipline to Lindsey D'Angelo per school policy, the balance of the paragraph is denied.

38.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

39.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

40.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

41.     Admitted in part, to the extent that Dr. Gallucci had met within the Plaintiff's father, the balance of the paragraph is denied.

42.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

43.     Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.

44.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

45.     Admitted

46.     Admitted

47.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

48.     Admitted in part, to the extent that Plaintiff's father had requested Dr. Gallucci to undertake appropriate disciplinary measures against New Fairfield High School students who were physically assaulting or sexually harassing the Plaintiff, the balance of the paragraph is denied.

49.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

50.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

51.     Admitted

52.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

53.     Admitted in part, to the extent that Josh Norris had made inappropriate comments to the Plaintiff and physically assaulted her in the hallway at New Fairfield High School, the balance of the paragraph is denied.

54.     Admitted

55.     Admitted

56.     Plaintiff has insufficient knowledge to admit or deny the allegation and leaves the Defendants to their proof.

57.     Plaintiff has insufficient knowledge to admit or deny the allegation and leaves the Defendants to their proof.

58.     Plaintiff has insufficient knowledge to admit or deny the allegations and leaves Defendants to their proof.

59.     Plaintiff has insufficient knowledge to admit or deny the allegation and leaves Defendants to their proof.

60.     Admitted

61.     Admitted

62.     Admitted

63.     Plaintiff has insufficient knowledge to admit or deny the allegations and leaves defendants to their proof.

64.     Plaintiff has insufficient knowledge to admit or deny the allegations and leaves Defendants to their proof.

65.     Plaintiff has insufficient knowledge to admit or deny the allegation and leaves Defendants tot heir proof.

66.     Plaintiff has insufficient knowledge to admit or deny the allegations and leaves Defendant to their proof.

67.     Admitted in part, to the extent that Mr. Hoffman was aware of a graffiti problem containing specific sexual references to the Plaintiff by name located in the girls' bathrooms at New Fairfield High School, the balance of the paragraph is denied.

68.     Admitted

69.     Admitted in part, to the extent that the New Fairfield High School custodial staff had been asked to paint over the sexual offensive graffiti located in the New Fairfield High School girls' bathroom, the balance of the paragraph is denied.

70.     Admitted in part, to the extent that Plaintiff's father had advised Dr. Gallucci of the existence of sexually offensive graffiti located in the New Fairfield High School girls' bathroom that referred to the Plaintiff, the balance of the paragraph is denied.

71.    Admitted

72.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

73.    Admitted

74.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

75.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

76.    Admitted

77.    Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

78.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

79.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

80.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

81.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

82.    Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

83.    Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

84.    Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

85.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

86.    Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

87.    Admitted in part, as to the first sentence, the second sentence is denied.

88.    Admitted in part, as to the student interview, including Mandy Hayes, the balance of the paragraph is denied.

89.    Admitted

90.    Admitted in part, as to the information provided by the Plaintiff's father, the Plaintiff has insufficient information to admit or deny the balance of the paragraph.

91.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

92.    Admitted

93.    Admitted

94.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

95.     Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

96.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

97.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  Plaintiff admits to the existence of Exhibit O.

98.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

99.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  Plaintiff admits to the existence of Exhibits O, P, and Q.

100.     Admitted in part, to the extent that an ex-boyfriend of Mandy Hayes had talked to the Plaintiff in middle school and Mandy Hayes did not like the Plaintiff, the balance of the paragraph is denied.

101.     Admitted

102.     Admitted

103.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

104.     Admitted in part, as to the deponent's testimony, denied as to the total number of incidents that occurred during the 2000-02 school year.  The Plaintiff has insufficient information to admit or deny the allegations set forth in the

second or third sentences in this paragraph and leaves the Defendants to their proof.

106. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

105. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

107. Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

108. Admitted in part, to the extent that Dr. Gallucci had met with the Plaintiff's parents, the balance of the paragraph is denied.

109. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

110. Denied, to the extent that the Plaintiff did not believe such measures were effective for her.

111. Admitted in part, as to the Plaintiff assisting the school secretary, the balance of the paragraph is denied.

112. Denied

113. Admitted

114. Admitted

**Disputed Issues of Material Fact**

1. Whether Plaintiff's common law claims are barred by the Defendants' claim of governmental immunity?

2.      Whether Defendants were deliberately indifferent to Plaintiff's repeated reports of sexual harassment and request for assistance?

3.      Whether Defendants intended to cause and inflict emotional distress or knew that their conduct was likely to cause Plaintiff sustained emotional distress.

4.      Whether Defendants disclosed their Title IX policy to the Plaintiff or her parents during the 2000-01 school year?

5.      Whether Defendants repeated references to "catty girl stuff" sufficiently apprised them that Plaintiff was being harassed on the basis of her sex by New Fairfield High School students throughout the 2000-01 school year?

6.      Whether Defendants' knowledge of sexually explicit graffiti located in the girls' bathroom at New Fairfield High School with specific references to the Plaintiff constituted sufficient notice to the Defendants of sexual harassment?

7.      Whether the use of sexually offensive and vulgar language by New Fairfield High School students directed at the Plaintiff on school grounds and functions with Defendants actual or apparent knowledge constituted sufficient notice to the Defendants of sexual harassment?

8.      Whether Defendants knowledge of a series of posters posted at

New Fairfield High School with sexually explicit and vulgar references to the

Plaintiff constituted sufficient notice to the Defendants of sexual harassment.


                                        PLAINTIFFS

                                        By_____
                                            Lawrence W. Berliner
                                            Klebanoff & Alfano, P.C.
                                            Corporate Center West
                                            433 South Main Street Suite 102
                                            West Hartford, CT 06110
                                            Tel. No. (860) 313-5005
                                            Fed. Bar No. CT 7002


                        **CERTIFICATION OF SERVICE**

        A copy of the forgoing has been mailed by first class mail, postage
prepaid, this 31st day of August, 2005 to Attorney Melinda Powell, 65 Wethersfield
Avenue, Hartford, CT 06114 and Attorney John K. McDonald, Kernan & Henry, LLP,
P. O. Box 2156, Waterbury, CT 06722.


                                        _____

                                        Lawrence W. Berliner
                                        Klebanoff & Alfano, P.C.
                                        433 South Main Street Suite 102
                                        West Hartford, CT 06110