UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L.S. AND MR. AND MRS. F.S. | : | |
| | : | NO.: 3:02CV1386 (SRU) |
| | : | |
| v. | : | |
| | : | |
| NEW FAIRFIELD HIGH SCHOOL, | : | |
| NEW FAIRFIELD BOARD OF | : | |
| EDUCATION, CHRIS HOFFMAN AND | : | |
| JOSEPH GALLUCCI, IN THEIR | : | |
| OFFICIAL CAPACITY | : | SEPTEMBER 22, 2005 |

## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The defendants, New Fairfield High School, New Fairfield Board of Education, Paul[1] Hoffman and Joseph Gallucci, in their Official Capacity, hereby oppose plaintiff's motion for summary judgment. Defendants submit in accordance with their previously filed motion for summary judgment that they are entitled to judgment as a matter of law, not the plaintiff.

## I.    Legal Standard

On cross-motions for summary judgment, each individual summary judgment motion must be evaluated independently to determine whether there exists a genuine dispute of material fact and whether the movant is entitled to judgment as a matter of

---

[1] The defendant's proper name is Paul Hoffman, not Chris Hoffman, as in the caption.

law.   Moore's Federal Practice, § 56.10[6]; <u>American Mfrs. Mut. Ins. Co., v. American Broadcasting-Paramount Theaters, Inc.</u>, 388 F.2d 272, 279 (2d. Cir. 1967).

## II.    <u>Defendants are Entitled to Summary Judgment.</u>

The basis of plaintiff's motion for summary judgment is that the plaintiff presented daily complaints of harassment, which were referred to by the defendants' as "catty girl stuff", and nothing was done.  However, plaintiff's Complaint and her own testimony, as well as the testimony of the other witnesses set forth in defendants' motion for summary judgment paint a different picture.  For example, plaintiff's complaint refers to many instances of disciplinary action taken.   Lindsey and her parent were required to meet with the Assistant Principal and Hoffman advised Mr. Stolfi that Hoffman felt Lindsey understood that she was to have no further contact with Lydia.  Complaint, ¶ 12.  Plaintiff's parents met with Dr. Gallucci.  Complaint, ¶ 13. A meeting was held with Lindsey, Lydia and Lydia's parents by Mr. Hoffman. Complaint, ¶ 14. Katie Johnson was suspended.  <u>Id.</u>, ¶ 17.  An investigation was commenced regarding the poster incident.  <u>Id.</u>, p. 23.

Plaintiff's testimony also establishes that she was never <u>refused</u> the ability  to make a complaint, but would sometimes not have enough time to speak to an administrator because she had to go back to class.  Lydia Stolfi Deposition, p. 89 (Additional pages not originally cited in **Defendants' Exhibit A**, attached hereto as **Supplemental Exhibit A**).  In addition, the plaintiff was permitted to assist a school

secretary during the lunch hour and was not required to eat lunch in the cafeteria where she was uncomfortable.  Id., p. 69.   Any alleged "catty girl" statement according to plaintiff's testimony, was made in response to name calling only.  Id., p. 89 (Q: What do you remember specifically saying to them that they responded there is nothing they could do about that?  A: People saying things to me.); See also p. 92.  When she was pushed by one of them, that comment was not made.  Id.  Neither was it made in response to the Josh incident.  Id., p. 92-93.  She could not say when else the term was used.  Id., p. 93- 94.  Nor was it used in response to the "suicidal bitch" graffiti.  Id., p. 94.   She did not recall when Hoffman would use the term "catty girls. "  She also testified that much of the maltreatment by other students was "hurtful comments."  Id., p. 63 (Q: What did she say?  A: Just hurtful comments like all the rest.  I mean, I don't remember exact quotes that came out of her mouth.)   She also agreed that not all of the incidents deserved a suspension, but some of them should have required the students to have a talk with the administration.  Id. at 90.  Defendants submit any "catty girl" statement would be insufficient to show deliberate indifference, especially in light of the numerous investigations, responses and discipline issued by the defendants in response to plaintiff's complaints.

Plaintiff also attempts to use Dr. Gallucci's statement that Lindsey D'Angelo should have been suspended for the initial incident involving the plaintiff as a global statement of liability that the defendants should have responded differently to all

plaintiff's complaints.  However, Dr. Gallucci testified he thought the remedial actions taken were effective.  Gallucci Deposition, attached hereto as **Supplemental Exhibit F,** p. 94. (to correspond with **Defendants' Exhibit F** submitted in support of their Memorandum of Law),  At most, the failure to suspend Lindsey would show negligence, not deliberate indifference.

Plaintiff also spends much of her brief arguing about the effect of the harassment on her.  Defendants submit that any psychological treatment or the opinions of her physicians are not relevant or material to the decision on the defendants' liability under Title IX.

### III.  The Majority of Defendants' Local Rule 56a1 Statement is Deemed Admitted by the Plaintiff's Failure to Comply with Local Rule 56a2.

In the Plaintiff's response to Defendants' Local Rule 56a1 Statement, the Plaintiff's responses can be characterized in four groups: Plaintiff admitted some paragraphs, denied some paragraphs with explanation, denied others without any explanation or citation to the record, and to the remainder, stated that she "had insufficient information to form a basis to admit or deny and leaves the Defendants to their proofs."[2]  As to all the paragraphs where the Plaintiff left the Defendants "to their

---

[2] The following paragraphs of defendants' Local Rule 56a1 statement were admitted: 1, 3, 4, 7, 8, 10, 11, 13, 16, 18, 45, 46, 51, 54, 55, 60, 61, 62, 68, 71, 73, 76, 89, 92, 93, 101, 102, 113, 114.  The following paragraphs had no response, leaving defendants to their proof: 5, 17, 19, 20, 21, 22, 26, 27, 28, 29, 30, 35, 36, 38, 39, 40, 42, 43, 44, 47, 49, 50, 5, 56, 57, 58, 59, 63, 64, 65, 66, 72, 74, 75, 77, 78-86, 91, 94, 95, 96, 97, 98, 99, 103, 105, 106, 107, 109.

proofs" or denied without explanation, they are deemed admitted under Local Rule

56a2.   The Rule requires the plaintiff to point  to the record any contradicting

evidence.  See, <u>Pipkin v. Bridgeport Board of Education</u>, 323 F. Supp.2d 326, 329,

FN2 (2004). The responses provided that the plaintiff "is unable to admit or deny and

leaves defendant to their proof" or denied without citation are insufficient to create an

issue of material fact to deny Defendants' Motion.  <u>Id.</u>

**IV.     Plaintiff's Claim that She Was Not Sufficiently Apprised of a Title IX Policy Does Not Support a Private Cause of Action Under the Statute.**

The text of Title IX states that, "no person in the United States shall on the basis

of sex, be excluded from participation in be denied access of or be subject to

discrimination under any educational program or activity receiving federal financial

assistance." 20 U.S.C. §1601(a).  The parents' handbook which the Plaintiff claims

was insufficient to apprise her of her rights follows the language of the statute and

advises the reader to the grievance procedures when it states, "It is the policy of the

New Fairfield Board of Education that no person shall be excluded from participation

in, denied the benefits of, or otherwise discriminated against under any program,

including employment, on the basis of race, color, religious creed, sex, age national

origin, ancestry, marital status, sexual orientation, past/ present mental disorder,

learning disability and/ or physical disability. Grievance procedures are outlined on p.

51 of the New Fairfield High School Program of Studies." See, **Plaintiff's Exhibit D**.

Defendants' **Exhibit M** was also a memo to Mr. Stolfi from Mr. Hoffman enclosing Title

IX policies.

However, the Court is not in a position to and need not litigate whether the

Defendants' Title IX policies were adequate.  The plaintiff has no private right of action

for damages for inadequate Title IX policies.  As stated by the United States Supreme

Court in Gebser v. Lago Vista Independent Sch. Dist., 524 U.S. 274, 292 (1998):

> Petitioners focus primarily on Lago Vista's asserted failure to promulgate and
> publicize an effective policy and grievance procedure for sexual harassment
> claims.  They point to Department of Education regulations requiring each
> funding recipient to "adopt and publish grievance procedures providing for
> prompt and equitable resolution" of discrimination complaints, 34 C.F.R.
> §106.8(b)(1999), and to notify students and others that "it does not discriminate
> on the basis of sex in the educational programs or activities with it operates,"
> §106.9(a).  Lago Vista's alleged failure to comply with the regulations, however,
> does not establish the requisite actual notice and deliberate indifference.  And in
> any event, the failure to promulgate a grievance procedure does not itself
> constitute "discrimination" under Title IX.  Of course, the Department of
> Education could enforce the requirement administratively: Agencies generally
> have authority to promulgate and enforce requirements that effectuate the
> statute's nondiscrimination mandate, 20 U.S. C. §1682, even if those
> requirements do not purport to represent a definition of discrimination under the
> statute.  E.g., Grove City, 465 U.S., at 574-575, 104 S.Ct. at 1221-
> 1222(permitting administrative enforcement of regulation requiring college to
> execute an "assurance of Compliance" with Title IX).  We have never held,
> however, that the implied private right of action under Title IX allows recovery in
> damages for violation of those sorts of administrative requirements.

The Defendants never required that Plaintiff file any formal complaint or resort

to the grievance procedure before they responded.  Defendants' Local Rule 56a1

statement sets forth the numerous complaints made by the plaintiff and the responses

provided.  See, e.g., Defendants' **Exhibit H**.  Therefore, the plaintiff's assertion that

she was not apprised of any procedures does not create an issue of material fact

precluding judgment in Defendants' favor.

## V.    Plaintiff's Argument  that She has a Cause of Action under Section 1983 is Without Merit.

Plaintiff argues that Davis v. Monroe calls into question the Second Circuit's

holding in Bruneau that a plaintiff may not bring concurrent causes of action under

Title IX and Section 1983 to enforce rights under Title IX.  The only issue in Davis was

whether a private right of action may be made under Title IX for peer sexual

harassment.  The Second Circuit's holding in Bruneau was not implicated in the least.

This Court relied upon Bruneau in Norris v. Norwalk, 124 F. Supp.2d 791 (D. Conn.

2000), cited by Defendants in support of their summary judgment motion.  Thus,

Bruneau is still good law.

 Plaintiff also cited an unreported case by Judge Hall for the proposition that

Section 1983 provides a remedy in addition to Title IX.  In that case, Judge Hall

adhered to Bruneau and granted defendants' motion to dismiss an equal protection

claim based upon the same conduct as that alleged under that plaintiff's Title IX claim.

However, the Court did not dismiss plaintiff's § 1983 claim premised upon procedural

due process, stating that the facts necessary to prove such a claim are different than a

sexual harassment claim.  Plaintiff here stated in her brief that her § 1983 claim was

premised on plaintiff's "right to a safe school environment, free from sexual harassment as guaranteed by Title IX was violated by the Defendant's actions and omissions, under color of law."  Thus, by plaintiff's own admission, the claims are duplicative.   Plaintiff admits that she did not allege in her complaint which provision of the Constitution was violated.   She claims in her brief that she alleged "that her right to a safe school environment, free from sexual harassment, was denied by the Defendants without any procedural opportunity to be heard either formally or informally."  However, the Complaint only alleged that the Plaintiff "has a right to a safe educational environment free from sexual harassment" and "the defendants created a hostile educational environment for the plaintiff when it failed to act to protect the plaintiff from physical threats and sexual harassment. "  Complaint, Fourth Count, ¶¶ 43-44.   These allegations cannot fairly be read as a procedural due process claim. Thus, neither Plaintiff's Complaint nor her brief sets forth a viable procedural due process claim.  She does not allege a deprivation of a property right without due process.  In addition, even if the Plaintiff rests on this theory, her motion for summary judgment wholly fails to set forth the nature of her property right, how the defendants deprived her of that property right without due process of law and most importantly, what process she was due.  See, Harhay v. Town of Ellington Board of Education, 323 F.3d 206, 213 (2003).  It is not disputed that the Plaintiff was not excluded from school by the defendants, which would be necessary to state a claim.   Furthermore, Plaintiff

has failed to allege or set forth facts to prove a there was a policy or practice of depriving her of a Constitutional right.  For these additional reasons, Defendants are entitled to judgment on her § 1983 claim.

Most importantly, plaintiff's motion for summary judgment fails to establish that she suffered *sexual harassment on account of her gender*.  Plaintiff cites <u>Oncale</u> for the proposition that the gender of the harasser is immaterial.  As shown by the defendants, however, <u>Oncale</u> does require that even same sex discrimination be *on account of gender.*  Plaintiff admitted in her deposition that she did not believe the administration failed to help her because she was a girl.  **Supplemental Exhibit A** attached, p. 72.  Plaintiff's failure to show gender harassment is dispositive in her case.

For all these reasons, the Court should deny the Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

DEFENDANTS,
NEW FAIRFIELD HIGH SCHOOL, NEW
FAIRFIELD BOARD OF EDUCATION,
CHRIS HOFFMAN AND JOSEPH
GALLUCCI, IN THEIR OFFICIAL
CAPACITY


By  /S/ Melinda A. Powell
    Melinda A. Powell
    ct 17049
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (fax)
    E-Mail:  mpowell@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 22nd day of September, 2005.

Lawrence W. Berliner, Esquire
Klebanoff & Phelan, P.C.
433 South Main Street, Suite 102
West Hartford, CT  06110

John K. McDonald, Esquire
Kernan & Henry
207 Bank St, 4th Floor
P.O. Box 2156
Waterbury, CT 06722-2156

  /S/ Melinda Powell
Melinda A. Powell