UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| L.S. AND MR. AND MRS. F.S. | : | |
| | : | NO.: 3:02CV1386 (SRU) |
| | : | |
| v. | : | |
| | : | |
| NEW FAIRFIELD HIGH SCHOOL, | : | |
| NEW FAIRFIELD BOARD OF | : | |
| EDUCATION, CHRIS HOFFMAN AND | : | |
| JOSEPH GALLUCCI, IN THEIR | : | |
| OFFICIAL CAPACITY | : | SEPTEMBER 22, 2005 |

### DEFENDANTS' REPLY TO PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

1.     Plaintiff had attended New Fairfield High School during the 2000-01 school year.  <u>Defendant's Answer</u> p. 4.

**REPLY:**     Admitted.

2.     New Fairfield Board of Education is a local school district organized under the laws of the State of Connecticut and owns and operates New Fairfield High School.  <u>Defendant's Answer</u> p. 6.

**REPLY:**     Admitted.

3.      Defendant Dr. Joseph Galluccci was employed by New Fairfield Board of Education during the 2000-01 school year as a Principal and Defendant Paul Hoffman was employed as an assistant Principal and both were employed at New Fairfield High School.  Deposition of Gallucci pp. 10-12 (11/10/04); Deposition of Hoffman p. 68 (8/6/04).

**REPLY:**      Admitted.

4.      As a federal financial recipient, the Defendant was required to adhere to various federal civil rights laws including Title IX of the Educational Amendments Act of 1972, as amended.  20 U.S.C. §1681(a) et seq and regulations thereunder.

**REPLY:**      This statement calls for a legal conclusion and is not a statement of fact. However, it is admitted that Title IX applies to school districts such as the defendant New Fairfield School District.  Defendants are unable to admit or deny rest due to vagueness of plaintiff's assertion of "various civil rights laws."  It is also denied that the Title IX regulations set forth the standards to be applied in a private right of action under Title IX or that those regulations are entitled to deference by this Court.  See, Filush v. Town of Weston, 266 F. Supp. 2d 300, 327(2003).

5.      Title IX was enacted by Congress to proscribe discrimination and harassment on the basis of one's sex, by federal fund recipients and the law covers school district employees and students enrolled in Defendant's public schools.

**REPLY:**      Admitted.

6.      The Defendant New Fairfield Board of Education adopted a formal policy during February, 1988 in order to implement its obligations under Title IX.  (attachment H).

**REPLY:**      Admitted that defendant amended its Title IX policies in February 1988.

7.      The United States Department of Education Office for Civil Rights originally issued a Formal Policy Guidance on March 13, 1997 on sexual harassment involving harassment of students by school employees and other students to federal fund recipients such as Defendant New Fairfield Board of Education.  62 <u>Fed. Reg</u>. No. 49 pp. 12034-12051 (3/13/97).

**REPLY:**      It is admitted that the Formal Policy Guidance was issued on that date but defendants deny the guidance is binding, authoritative or entitled to deference by the Court in a private right of action.

8.      Plaintiff was verbally and/or physically harassed by other students at New Fairfield High School on the basis of her sex throughout the 2000-01 school year and during the summer 2000 immediately before the commencement of the school year.  <u>Deposition of Joan Stolfi</u> pp. 29, 32-45, 46-68, 130-131 (2/18/04)

**REPLY:**      Denied.  Defendants have argued in their Memorandum of Support of Motion for Summary Judgment that plaintiff's harassment was <u>not</u> on account of sex. See Memorandum of Law pp. 19-25.  See also **Defendants' Supplemental Exhibit A**, p. 72, **Defendants' Exhibit A** to Memo of Law, pp. 13-15, 33-34, 37; **Defendants'**

**Exhibit B**, pp. 30, 35-36, 57; **Defendants' Exhibit J**, pp. 10, 25, 26-27, 48-49, 53;

**Defendants' Exhibit D**, p. 28, 17, 55-56.

     9.    Plaintiff and her parents met with the Defendants to discuss their

concerns with the tone and tenor of several e-mail messages and threats that were

sent to or received by the Plaintiff by students enrolled at New Fairfield High School.

Deposition of Dr. Gallucci p. 49 (11/10/04)

**REPLY:**    It is denied that Dr. Gallucci was provided with any threatening emails by

the plaintiff.  He was however, provided with the plaintiff's and her friend, Nicole

Marvin's "profile" which contained derogatory, sexual connotations about other

students.  See Deposition  of Dr. Gallucci, p. 39, Plaintiff's aAttachment O.  In addition,

Mr. Hoffman was only showed the profile.  Deposition of Paul Hoffman, p. 23,

Plaintiff's attachment P.

     10.    Defendant Hoffman recalled meeting with Plaintiff's mother during the

summer 2000 prior to the commencement of the 2000-01 school year to discuss her

concerns with Plaintiff's transition to high school and social difficulties that Plaintiff had

with certain students at New Fairfield High School.  Deposition of Hoffman pp. 14-15

(8/6/04).

**REPLY:**    It is admitted that Mr. Hoffman testified to meeting with plaintiffs about

social difficulties related to middle school and the mother's concerns about the

transition.  Deposition of Hoffman, Plaintiff's Attachment P, p. 14-15.

11.    Defendant Hoffman had intervened in a confrontation of New Fairfield High School between the Plaintiff and a student named Lindsey D'Angelo whereby D'Angelo was engaged in verbal altercation with Plaintiff, as well as D'Angelo pushing or physically striking the Plaintiff. <u>Deposition of Hoffman</u> pp. 36-37 (8/6/04).

**REPLY:**    It is admitted that Hoffman was involved in the investigation and discipline of Lindsey D'Angelo but did not witness the event. <u>Id.</u> at 36-37.

12.    Defendant Hoffman contacted the school resource officer regarding the incident and instructed D'Angelo not to return to school until he had an opportunity to speak to her parents. <u>Deposition of Hoffman</u> pp. 37-38.

**REPLY:**    Admitted.

13.    Defendant Hoffman was aware that Plaintiff's parents had expressed concerns on one or more occasions that Lindsey D'Angelo was threatening violence against the Plaintiff during the 2000-01 school year. <u>Deposition of Hoffman</u>, p. 43 (8/6/04).

**REPLY:**    Admitted that Hoffman testified on that page that the parents were concerned that Lindsey was conveying threats of violence before his meeting with Lindsey, the plaintiff and the plaintiff's parents.

14.    Defendant Hoffman was aware that Plaintiff spent time in the school office assisting a school secretary who had taken Plaintiff "under her wing" because the Plaintiff was uncomfortable being in the cafeteria during lunch and study hall

because she was nervous and uncomfortable about her safety in the cafeteria.

Hoffman Deposition pp. 44-46 (8/6/04).

**REPLY:**        Admitted that Mr. Hoffman was aware of plaintiff assisting a secretary

which he described as taking her under the secretary's wing because Lydia reported

being uncomfortable or nervous in the cafeteria.  Hoffman did not believe "unsafe" was

a proper term.  Hoffman Deposition, pp. 44-46.

     15.        Defendant Hoffman was aware of graffiti located in the girls' bathrooms

at New Fairfield High School that referred to the Plaintiff in a sexually offensive

manner.  Hoffman Deposition pp. 55 (8/6/04).

**REPLY:**        Admitted that Mr. Hoffman heard about graffiti late in the year, however

he was not asked to remedy it.  **Defendant's Exhibit G**, p. 55-56, 59.

     16.        Defendant Hoffman was aware that Plaintiff was under severe duress

and stress and feared for her safety as the direct result of the peer to peer incidents

that occurred at New Fairfield High School.  Hoffman Deposition pp. 70-71 (8/6/04).

**REPLY:**        Admitted that Hoffman testified that he know Lydia was under some

duress or stress.  Id., 71.

     17.        Defendant Hoffman was part of a school investigation of posters posted

by New Fairfield High School allegedly created by New Fairfield High School students

including Nancy Hayes containing Plaintiff's picture and sexually offensive and graphic

information concerning the Plaintiff.  Hoffman Deposition pp. 76-79 (8/6/04);

(attachment E).

**REPLY:**        Admitted that Mr. Hoffman was involved in the investigation including the

student Mandy Hayes.

18.    Defendant Hoffman could not recall if Mandy Hayes had been disciplined

by New Fairfield High School, but she may have been arrested due to the poster

incident.  Hoffman Deposition p. 79 (8/6/04).

**REPLY:**        Admitted that Mandy was interviewed and her father was requested to

come to the school.  She and her mother came down and were interviewed

extensively by Hoffman and Gallucci.  Id., p. 79.

19.    Defendant Hoffman was aware that Plaintiff had attempted suicide

around March, 2001.  Hoffman Deposition p. 21 (8/6/04).

**REPLY:**        Denied.  The page cited by plaintiff has no reference to a suicide

attempt.

20.    Defendant Hoffman was aware that Plaintiff withdrew from New Fairfield

High School following the 2000-01 school year because it was not a safe school

environment for her.  Hoffman Deposition p. 85-86 (8/6/04).

**REPLY:**        Denied.  Mr. Hoffman testified on those pages he never saw the

plaintiff's withdrawal form.

21.    Defendant Hoffman was aware of the provisions of Title IX, had received training on that federal law, and was aware that this laws proscribed sexual harassment in its many forms in the school environment, including peer to peer harassment and stated that the law applied to sexually explicit graffiti.  <u>Hoffman Deposition</u> pp. 87-92- (8/6/04).

**REPLY:**    It is admitted that Mr. Hoffman's testimony on those pages, states he had sexual harassment training and he believed that sexually explicit graffiti could be sexual harassment.  Defendants deny the remainder of this statement as it calls for a legal conclusion and have argued Plaintiff was not discriminated against on the basis of her gender.

22.    Defendant Gallucci received training on Title IX involving sexual harassment and training on bullying.  <u>Deposition of Gallucci</u> pp. 17-19 (1/10/04)

**REPLY:**    Admitted.

23.    Defendant Gallucci received State Department of Education Circular Letters on sexual harassment and discrimination, including Circular Letters No. 23 and No. 14.  <u>Deposition of Gallucci</u> pp. 21, 83-86 (11/10/04); (attachment K and L).

**REPLY:**    It is admitted that Dr. Gallucci testified on those page he regularly received Circular Letters and could not recall C-14 but could recall C-23..

8

24.     Defendant Gallucci was aware of verbal and physical altercations
between the Plaintiff and other female students at New Fairfield High School including
Lindsey D'Angelo.  <u>Deposition of Gallucci</u> p. 24-25 (11/10/04).

**<u>REPLY:</u>**     Defendant denies the statement to the extent it suggests there were
several physical altercations involving the plaintiff with female students.  Those pages
refer only to a physical incident with Lindsey.

25.     Defendant Gallucci was aware that Plaintiff's father had concerns that
the Defendants were not handling the discipline of New Fairfield High School students
properly with the verbal and physical harassment of his daughter.  <u>Deposition of
Gallucci</u> p. 28-30 (11/10/04).

**<u>REPLY:</u>**     It is admitted that Dr. Gallucci testified on those pages Mr. Stolfi was
dissatisfied with the action taken by the defendants.

26.     Defendant Gallucci was aware of a poster found at New Fairfield High
School with Plaintiff's picture and that of another female student that contained
inappropriate and graphic sexual reference to the Plaintiff and the other student.
<u>Deposition of Gallucci</u> pp. 32 (11/10/04); (attachment).

**<u>REPLY:</u>**     Admitted.

27.     Defendant Gallucci was aware that Plaintiff's locker at New Fairfield High
School had been vandalized with the locker removed and Plaintiff's books and

personal property being strewn all over the Town of New Fairfield.  Deposition of Gallucci p. 44 (11/10/04).

**REPLY:**     Admitted that Mr. Gallucci testified on that page he was aware of an incident whereby plaintiff's locker was vandalized.

28.     Defendant Gallucci recognized the poster with Plaintiff's picture and the sexually explicit and offensive references to her and another student.  Deposition of Gallucci pp. 47, 74, 75 (11/10/04) (attachment E).

**REPLY:**     Admitted that Dr. Gallucci's testimony on those pages was he recognized the poster containing sexually explicit references and he thought it was offensive.

29.     Defendant Gallucci was aware of the "inappropriate" graffiti in the girls' bathroom at New Fairfield High School and painted over it himself after the custodial staff had failed to remove it.  Deposition of Gallucci pp. 45-46 (11/10/04).

**REPLY:**     Admitted that Dr. Gallucci did testify that he removed inappropriate graffiti after being made aware of it at the end of the year which had not been removed by a custodian despite requests, but did not know who it referred to or what it said. Defendants' Exhibit H shows Mr. Dickau asked the custodian to remove the graffiti and had been told it was done.

30.     Defendant Gallucci recalled an incident whereby Plaintiff's locker had been vandalized.  <u>Deposition of Gallucci</u> p. 44 (11/10/04).

**<u>REPLY:</u>**     Admitted.

31.     Defendant Gallucci was aware of a memo authorized by Hoffman dated August 6, 2001 that chronicled over twelve (12) episodes of verbal and physical harassment of the Plaintiff involving students at New Fairfield High School during the 2000-01 school year in addition to preparing his own addendum to the Plaintiff's file dated June 16, 2001 that summarized a June 14, 2001 meeting with the Plaintiff's parents containing a chronology of harassment of Plaintiff throughout the school year. <u>Deposition of Gallucci</u> p. 52 (11/10/04); (attachment F and G).

**<u>REPLY:</u>**     Dr. Gallucci testified on that page he was not aware of Mr. Hoffman's memo as he had already left the district.  Admitted that Dr. Gallucci prepared June 16, 2001 memo, plaintiff's attachment G.

32.     Defendant Gallucci was aware of a letter dated November 11, 2000 from Plaintiff's father to him stating his concerns about sexually offensive graffiti in the girls' bathroom.  <u>Deposition of Gallucci</u> p. 77 (11/10/04); (attachment 1).

**<u>REPLY:</u>**     Dr. Gallucci testified he recalled receiving the letter but did not recall an issue about graffiti until later in the year.

33.    Defendant Gallucci was aware that Plaintiff's parents had concerns about the safety of the Plaintiff at New Fairfield High School.  Deposition of Gallucci p. 81 (11/10/04) (attachment G and I).

**REPLY**:    Admitted.

34.    Defendant Gallucci remembered receiving a copy of Circular Letter No. 23 but was uncertain about Circular Letter No. 14 issued by the State Department of Education.  Deposition of Gallucci pp. 84-85; (11/10/04); (attachment K and L).

**REPLY**:    Admitted.

35.    Defendant Gallucci stated that as Principal of New Fairfield High School that he was ultimately responsible for the school.  Deposition of Gallucci p. 91 (11/10/04).

**REPLY**:    Admitted.

36.    Mandy Hayes, a student at New Fairfield High School during the 2000-01 school year testified that it was possible that she was responsible for the poster that contained Plaintiff's picture and sexually offensive references to Plaintiff.  Hayes Deposition pp. 19-20 (6/29/04); (attachment E).

**REPLY**:    Denied.  Mandy denied involvement.  Hayes Deposition, Plaintiff's Attachment E, p. 29.

37.     Mandy Hayes recalled being called to the New Fairfield High School office regarding an investigation of the poster incident.  Hayes Deposition pp. 19-20 (6/29/04).

**REPLY:**     Admitted.

38.     Mandy Hayes recalled being arrested regarding the poster incident but had no recollection if she went to court.  Hayes Deposition p. 21 (6/29/04).

**REPLY:**     Denied.  Mandy did not think she was "arrested." Hayes Deposition, Plaintiff's attachment E, pp.23-24.

39.     Lindsey D'Angelo, was a student at New Fairfield High School during the 2000-01 school year was unable to recall many of the details relative to the questions asked during her deposition but did not deny the claims of the Plaintiff because she asserted that she was "a bitch by nature."  D'Angelo Deposition p. 50 (1/12/05).

**REPLY:**     Admitted that Lindsey D'Angelo's testimony on that page was she could not remember any events from high school but could have been a bitch to many people because she was a bitch by nature.

40.     Nicole Marvin was a student at New Fairfield High School during the 2000-01 school year and recalled between eight and nine incidents whereby the Plaintiff was verbally harassed by students at New Fairfield High School and witnessed one or two incidents whereby the Plaintiff had been physically assaulted at New Fairfield High School.  Marvin Deposition pp. 8-9 (3/2/05).

13

**REPLY:**      Admitted.

41.      Nicole Marvin recalled that New Fairfield High School students repeatedly made sexually degrading comments.  Marvin Deposition pp. 10-11 (3/2/05).

**REPLY:**      Admitted.

42.      Nicole Marvin witnessed one episode whereby Lindsey D'Angelo physically assaulted the Plaintiff in the hallway at New Fairfield High School, shoved Plaintiff into the lockers and was yelling profanities at the Plaintiff.  Marvin Deposition p. 11 (3/8/05).

**REPLY:**      Admitted.

43.      Nicole Marvin observed graffiti in the girls bathroom at New Fairfield High School throughout the 2000-01 school year that specifically referenced the Plaintiff as a "slut, whore, slut tease, suicidal slut, suicidal slut with STD's," in addition to other threats that someone would kill the Plaintiff.  Marvin Deposition pp. 14-15 (3/8/05).

**REPLY:**      Admitted that Marvin testified to seeing these comments but did not testify as to time frame or frequency.  Id.

44.      Nicole Marvin saw five to six posters at New Fairfield High School with the Plaintiff's picture and her own picture and sexually graphic reference to both the Plaintiff and herself.  Marvin Deposition pp. 20-21 (3/8/05). (attachment E)

**REPLY:**      Admitted.

14

45.    Nicole Marvin and the Plaintiff met with Dr. Gallucci after observing the poster.  <u>Marvin Deposition</u> p. 21 (3/8/05).

**<u>REPLY</u>:**    Admitted.

46.    Nicole Marvin believed that Mandy Hayes was responsible for the poster by taking a picture of her from the school secretary's desk area and using the school's copy machine to create and publish the poster.  <u>Marvin Deposition</u> pp. 21-23 (3/8/05).

**<u>REPLY</u>:**    Admit that Marvin speculated how Mandy may have made the poster on those pages.  On page 62, she stated she may have "heard" Mandy was arrested from the plaintiff or a police officer.

47.    Nicole Marvin stated that she was terribly upset, along with the Plaintiff, with the poster and had observed the Plaintiff crying and visibly upset after seeing the poster.  <u>Marvin Deposition</u> pp. 22-23 (3/8/05).

**<u>REPLY</u>:**    Admitted.

48.    Nicole Marvin stated that she had met with the Defendant New Fairfield High School officials, that they were aware of what was going on at New Fairfield High School with respect to "all the stuff that was going on" at new Fairfield High School, but nothing ever resulted from that meeting.  <u>Marvin Deposition</u> p. 29 (3/8/05).

**<u>REPLY</u>:**    Denied.  The meeting Marvin referenced was not in response to a specific Complaint where a response or investigation was necessary.  <u>Id.</u>, pp. 29-30.

49.    Nicole Marvin stated that the Defendant New Fairfield High School Administrators did not address the verbal threats and physical threats that she received, along with the Plaintiff.  <u>Marvin Deposition</u> p. 29 (3/8/05).

**<u>REPLY</u>:**    Denied.  Marvin testified throughout her deposition that students were arrested and suspended.  <u>Id.</u>, pp. 17, 21 and 62.

50.    Nicole Marvin recalled the incident whereby Plaintiff's locker had been vandalized and Plaintiff's personal property therein had been removed and scattered on public streets.  <u>Marvin Deposition</u> pp. 31-32 (3/8/05).

**<u>REPLY</u>:**    Admitted.

51.    Nicole Marvin suspected that Lyndsey D'Angelo was responsible for that locker vandalism based upon her understanding that D'Angelo had obtained a master key from a Coach Nightegale.  <u>Marvin Deposition</u> p. 31 (3/8/05).

**<u>REPLY</u>:**    Admitted that she testified Lindsey may have been behind the locker incident but could not remember who told her.  <u>Id.</u>, pp. 62-63.

52.    Nicole Marvin stated that there had been several food fights in the New Fairfield High School Cafeteria whereby New Fairfield High School students including Lyndsey D'Angelo had thrown food at the Plaintiff and screamed at the Plaintiff. <u>Marvin Deposition</u> p. 33 (3/8/05).

16

**REPLY:**     Admitted that Marvin testified on that page that Lindsey, on one particular occasion, threw stuff at Lydia and screamed at her and it happened on a couple of occasions.

53.     Nicole Marvin stated that the Plaintiff was not only upset by the poster incident, but the "constant conflict in school," and that Plaintiff went home extremely upset to her parents due to emotional distress.  <u>Marvin Deposition</u> p. 36 (3/8/05).

**REPLY:**     Admitted that Nicole Marvin testified to this statement.

54.     Nicole Marvin stated that she was aware that Plaintiff started seeing a psychologist or psychiatrist during the Spring of 2001 because the Plaintiff was extremely with events that occurred during that school year with students at New Fairfield High School.  <u>Marvin Deposition</u> p. 37 (3/8/05).

**REPLY:**     Admitted that Nicole Marvin testified to this statement.

55.     Nicole Marvin stated that she was aware that the Plaintiff had attempted suicide during the 2000-01 school year because of a feeling of helplessness, the comments that were being made about her by New Fairfield High School students, and the issues that she was having with New Fairfield High School students.  <u>Marvin Deposition</u> pp. 38-39 (3/8/05).

**REPLY:**     Admitted, but Marvin did not believe that plaintiff was trying to kill herself. <u>Id.</u>, p. 51.

56.     Nicole Marvin attended at least one meeting with the Defendant Gallucci, the Plaintiff, Lindsey D'Angelo and one other school administrator, whereby Dr. Gallucci had referred to the various incidents as "catty girl stuff."  Marvin Deposition p. 39 (3/8/05).

**REPLY:**     Denied that Dr. Gallucci referred to all the plaintiff's complaints as "catty girls stuff."  Nicole testified she could not recall who used that term cite.

57.     Nicole Marvin stated that she found the "catty girl stuff" remark very degrading in view of all the comments that had been made, all the physical and verbal assaults that she and the Plaintiff were receiving, and the serious side effects and emotional distress that was occurring.  Marvin Deposition pp. 40-41 (3/8/05).

**REPLY:**     Admitted she testified to this.

58.     Nicole Marvin stated that she learned from Plaintiff that she was unable to return to New Fairfield High School following the 2000-01 school year because of the events that had occurred that school year because she no longer felt safe in that school.  Marvin Deposition p. 42 (3/8/05).

**REPLY:**     Admitted that Nicole Marvin testified to what the plaintiff told her.

59.     Plaintiff was treated by Dr. Karl Kessler, a Board Certified psychiatrist for child and adolescent psychiatry on or about March 29, 2001.  Dr. Kessler's letter (12/21/02) (attachment C).

**REPLY:**     Admitted.

60.     Dr. Kessler diagnosed the Plaintiff  with a major depressive disorder and ADHD and recommended psychotherapy with Danielle Quigley, LCSW.  Dr. Karl Kessler's letter (12/21/01) (attachment C).

**REPLY:**     Admitted.

61.     Dr. Kessler's opinion was based upon Plaintiff's conflicts with peers at school, female peers posting an obscene poster about her, and peer harassment at school.  Dr. Kessler's letter 12/21/01) (attachment C).

**REPLY:**     Admitted according to Dr. Kessler's letter his opinion is based on those reports.

62.     Dr. Kessler had recommended that Plaintiff attend a school other than New Fairfield High School due to the considerable stress created by the harassment and conflicts with peers at that high school.  Dr. Kessler's letter (5/1/02) (attachment B).

**REPLY:**     Admitted.

63.     Plaintiff was treated by Danielle Quigley LCSW following a suicide attempt on March 18, 2001 whereby she had cut her wrist.  Quigley letter (1/10/02) (attachment A).

**REPLY:**     Admitted that plaintiff made a superficial cut on her wrist. Plaintiff's attachment C.

64.     According to Danielle Quigley, the Plaintiff was overwhelmed and depressed by weeks of harassment at school, on the phone, through graffiti in the New Fairfield High School bathrooms and over the internet since October, 2000.  Quigley letter (1/10/02) (attachment A).

**REPLY:**     Admitted that the plaintiff may have told Ms. Quigley this.  Id.

65.     Quigley reported that the Plaintiff seemed "much happier" attending a private high school commencing September, 2001.  Quigley Letter (1/10/02) (attachment A).

**REPLY:**     Admitted that Quigley states this in her letter.

66.     Plaintiff was treated by Dawn Burrachio, LCSW commencing with the 2001-02 school year based upon a history of being bullied, being treated sadistically and being tortured by peers at New Fairfield High School, that resulted in depression.  Burrachio Deposition pp. 22, 42 (6/25/04).

**REPLY:**     Burrachio testified that Lydia reported the "sadistically" things that girls do as a matter of normal appropriate developmental but heinous behavior and described that the plaintiff was also outspoken and when that is combined with other girls and boys, it can be explosive.  Id.

67.     Dawn Burrachio worked with the Plaintiff primarily on peer relationship issues.  Burrachio Deposition p. 29 (6/25/04).

**REPLY:**     Admitted.

68.     Dawn Burrachio reported that in treating the Plaintiff, she had learned of Plaintiff's suicide attempt that was predicated upon Plaintiff's not wanting to feel the pain any more, rather than a desire not to live any more.  Burrachio Deposition p. 37 (6/25/04).

**REPLY:**     Admitted.

69.     At that time Dawn Burrachio had commenced her treatment with the Plaintiff, she had diagnosed the Plaintiff with a Depressive Disorder DSM-IV 296.2. Burrachio Deposition pp. 47-48 (6/25/04).

**REPLY:**     Admitted.

70.     Dawn Burrachio had determined that the Plaintiff was a victim of sexual harassment while a student at New Fairfield High School, not the private catholic high school that she had attended following New Fairfield High School.  Burrachio Deposition pp. 49-50 (6/25/04).

**REPLY:**     Denied to the extent this statement of "fact" contains a legal conclusion.

71.     Dawn Burrachio stated that the type of bullying that Plaintiff had experienced at New Fairfield High School with peers was not just evil, it was heinous and resulted in scars that would not go away.  Burrachio Deposition pp. 51-52 (6/25/04)

**REPLY:**     Admitted Burrachio testified to this.

72.    Plaintiff had observed graffiti in the girls' bathroom that referred to her as a suicide slut with STD's and a suicidal bitch".  <u>Plaintiff's Deposition</u> p. 50 (2/18/04).

**<u>REPLY:</u>**    Admitted plaintiff testified to this fact.

73.    Plaintiff reported that Lyndsey D'Angelo, a student at New Fairfield High School, had pushed her into a wall at the school and threatened to kill the Plaintiff in front of a New Fairfield High School teacher who did not say anything about this verbal and physical assault.  <u>Plaintiff's Deposition</u> p. 53 (2/18/04).

**<u>REPLY:</u>**    Admitted that plaintiff testified that Lindsey pushed her and threatened her in front of a teacher, who intervened and held Lindsey and vaguely stated "the teacher didn't say anything happened when he was physically holding her back from attaching me." <u>Id.</u>

74.    Plaintiff reported that in her meetings with the Defendants Gallucci and Hoffman, they acted like they did not like her and were nasty to her when she had requested their assistance regarding her complaints.  <u>Plaintiff's Deposition</u> pp. 68-69 (2/18/04).

**<u>REPLY:</u>**    Admitted that plaintiff testified "the administration" told her she was there too much and was nasty to here.  <u>Id.</u>

75.    Plaintiff stated that the Defendants Hoffman and Gallucci had told her that she was in the New Fairfield High School office "too much", that she had to leave, return to class, and her complaints involved, "catty girl stuff," that they could not do anything about.  Plaintiff's Deposition pp. 69, 85-87 (2/18/04).

**REPLY:**    Denied.  Plaintiff could not identify the name of any person who told her she was in the office too much.  She only said the "administration".  Id.  In addition, when she had a serious complaint, such as being pushed, that term was not said.  Plaintiff's Deposition, **Supplemental Exhibit A**,  p. 92.  The "catty girl stuff" comment seems to have been limited to name calling.  Id.

76.    Plaintiff reported that she was afraid to eat in the New Fairfield High School cafeteria at lunch time due to confrontations and a school secretary had made it look like Plaintiff was performing "community service" in the office.  Plaintiff's Deposition pp. 69, 86-87, 89-91 (2/18/04).

**REPLY:**    Plaintiff testified she was afraid to eat in the cafeteria and the secretary "made it so that I could get community service."  Id.

77.    Plaintiff reported complaints each day to the Defendant school administrators and requested assistance but Defendants would not always see her. Plaintiff's Deposition pp. 88-89.

**REPLY:**    Denied.  The defendants did not refuse to take a complaint and the defendants investigated her complaints.  Id.; See also **Defendants' Exhibits H, M, N,**

**P, T, U, W, X, Y, Z, AA, BB,** as well as Defendants' Local Rule 56(a)1 Statement, ¶¶ 30, 33, 41, 55, 63-65, 68, 71, 74, 87-99, 103, 108, 110, 112, 114.

78.    Plaintiff stated that she did not believe there was such a thing as "catty girl stuff" and she believed peers were being "hurtful" and that peers were continuously harassing her in the hallway at New Fairfield High School.  Plaintiff's Deposition pp. 91-92 (2/18/04).

**REPLY:**    Admitted plaintiff testified to this.

79.    Plaintiff stated that when she had complained to the Defendant school administrators about the sexually offensive graffiti in the girls' bathroom such as the "suicidal bitch" reference to her and the Defendants referred to it as "catty girl stuff". Plaintiff's Deposition pp. 93-94 (2/18/04).

**REPLY:**    Admitted that plaintiff stated the reference was made to being called names and some graffiti but she did not as to "suicidal bitch" graffiti.  Id., p. 92

80.    Plaintiff confided in a New Fairfield High School guidance counselor because it was the only place she felt safe when she was upset and crying and unable to go to her class due to confrontations and what was going on in New Fairfield High School and how nothing was being done to help her.  Plaintiff's Deposition pp. 95-96.

**REPLY:**    Admitted that plaintiff testified to this.

81.     Plaintiff reported her feelings of not wanting to go to New Fairfield High School each day and how her parents had to force her to attend New Fairfield High School.  <u>Plaintiff's Deposition</u> p. 98 (2/18/04).

**<u>REPLY:</u>**     Plaintiff testified that she stopped wanting to go to school in November 2000 but did not tell her parents she wanted to go to another school.  <u>Id.</u>, p. 98-99.

82.     Plaintiff reported that Dawn Burrachio was her current therapist and she started seeking treatment from her for depression after Danielle Quigley.  <u>Plaintiff's Deposition</u> pp. 101-104.

**<u>REPLY:</u>**     Admitted that plaintiff testified to this fact.

83.     Joan Stolfi had testified that she had attempted to obtain a copy of the Defendant Board of Education's Title IX policies during the course of the school year.  Stolfi Deposition p. 120-121 (2/18/04).

**<u>REPLY:</u>**     Admitted that Joan Stolfi testified to this fact.

84.     Joan Stolfi testified that her daughter, the Plaintiff, had been sexually harassed throughout the school year and she wanted to submit a Title IX grievance, but that the Defendants had never referred her to the Title IX Coordinator, "because there was none."  <u>Stolfi Deposition</u> p. 121 (2/18/04).

**<u>REPLY:</u>**     Admitted that plaintiff testified or alleges there was not Title IX coordinator.  <u>Id</u>.

85.     Joan Stolfi testified that Plaintiff came home from school every day during the ninth grade crying due to the non-stop harassment and bullying at New Fairfield High School.  Stolfi Deposition pp. 129-30, 137-38 (2/18/04).

**REPLY:**     Admitted that Joan Stolfi testified to this fact.

86.     Joan Stolfi reported that the harassment of Plaintiff by New Fairfield High School students including Lyndsey D'Angelo, Mandy Hayes and Nosh Norman included the poster incident, name calling, and bathroom incidents.  Stolfi Deposition pp. 132-33 (2/18/04).

**REPLY:**     Admitted that Joan Stolfi testified plaintiff's friend, Nicole, was receiving the same type of treatment by these students including the poster incident, name calling and "bathroom".  Id.

87.     Joan Stolfi reported that since leaving New Fairfield High School after the 2000-01 school year, Plaintiff's crying had subsided, that she was still depressed and that she had elected not to develop any friendships with peers at the private school.  Stolfi Deposition pp. 149-50 (2/18/04).

**REPLY:**     Admitted that Joan Stolfi testified that her crying had subsided, she was still depressed and plaintiff elected not to join the popular girls' group because she did not like the way they behaved.  Id.

88.     Plaintiff attended Immaculate High School, a private school located in Danbury, CT commencing with the 2001-02 school year, following a Defendant Board

26

of Education meeting based upon the recommendations of the Plaintiff's treating professionals.  Stolfi Deposition pp. 119-20 (2/18/04).

**REPLY:**        Admitted.

89.    The Defendant Hoffman provided a copy of its Title IX policy dated February, 1988 on November 1, 2001 in response to an undated request.  Hoffman Memo to Mr. Stolfi (11/1/01) (attachment H).

**REPLY:**        Denied.  Hoffman provided a copy of the policy on November 1, 2001 in response to a letter from Mr. Stolfi dated October 18, 2001.  **Defendants' Exhibits L and M.**

90.    Defendant's Student Handbook for the 2000-01 school year contained policies on school conduct and school related offenses, however, the Handbook only provided a student such as Plaintiff of the Defendant's non-discrimination statement, but the Plaintiff was not advised on Title IX policies, Title IX contact person, and the process of filing a complaint.  2000-01 Parent and Student's Handbook (attachment D).

**REPLY:**        Denied.  The Parents' Handbook 2000-2001 refers the reader to grievance procedures for discrimination contained on p. 51 of the New Fairfield High School Program of Students and the plaintiff was provided the policy.  Plaintiff's attachment D, **Defendants' Exhibit L and M**.

91.     Plaintiff withdrew from New Fairfield High School on August 29, 2001 due to safety concerns with New Fairfield High School.  <u>Notice of Withdrawal</u> (8/29/01) (attachment J).

<u>**REPLY**</u>**:**     Admitted that plaintiff claims she withdrew due to safety concerns.

92.     Plaintiff was treated at Danbury Hospital on March 18, 2001 for a suicide attempt. (attachment M).

<u>**REPLY**</u>**:**     Admitted that she was treated for a superficial cut.  Plaintiff's attachment C.

93.     Plaintiff had indicated that her suicide attempt was based upon the harassment received at her school, including name calling, assaults and being tormented at her school. (attachment M).

<u>**REPLY**</u>**:**     Admitted that plaintiff reported to the Emergency Room physician cutting her wrist due to harassment at school including conflicts with boyfriend.  <u>Id.</u>

94.     The State Department of Education issued Circular Letter C-28 on June 4, 1999 to local school districts in Connecticut advising local school districts of the Supreme Court's decision in Davis v. Monroe County Board of Education constructing the provision of Title IX and reminding local school districts of the provision of a previous Circular Letter C-23 issued on January 30, 1998, regarding the proscription of sexual harassment. (attachment N).

**REPLY:**     Admitted this letter issued to Superintendents of Schools addresses these issues.

## DISPUTED ISSUES OF MATERIAL FACT

The defendants have filed their Motion for Summary Judgment asserting there are no disputed issues of material fact and they are entitled to judgment as a matter of law.  Therefore, they do not submit a list of material facts in dispute in response to plaintiff's 56a1 Statement.

DEFENDANTS,
NEW FAIRFIELD HIGH SCHOOL, NEW
FAIRFIELD BOARD OF EDUCATION,
CHRIS HOFFMAN AND JOSEPH
GALLUCCI, IN THEIR OFFICIAL
CAPACITY


By  /S/ Melinda A. Powell
   Melinda A. Powell
   ct17049
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail:  mpowell@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 22nd day of September, 2005.

Lawrence W. Berliner, Esquire
Klebanoff & Phelan, P.C.
433 South Main Street, Suite 102
West Hartford, CT  06110

John K. McDonald, Esquire
Kernan & Henry
207 Bank St, 4th Floor
P.O. Box 2156
Waterbury, CT 06722-2156

/S/ Melinda A. Powell
Melinda A. Powell