UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| L.S. AND MR. AND MRS. F.S. : | |
| : | NO.:  3:02CV1386 (SRU) |
| : | |
| v. : | |
| : | |
| NEW FAIRFIELD HIGH SCHOOL, : | |
| NEW FAIRFIELD BOARD OF : | |
| EDUCATION, CHRIS HOFFMAN AND : | |
| JOSEPH GALLUCCI, IN THEIR : | |
| OFFICIAL CAPACITY : | OCTOBER 6, 2005 |

**REPLY TO PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff Was Not Systemically Deprived of Her Education.

On pages 8-9 of her opposition ("Reply") [1] brief, plaintiff asserts that she was deprived an educational opportunity as a result of alleged sexual harassment by her peers.  However, rather than citing to Title IX cases discussing this prong of the analysis, she cites Bd. of Ed. v. Rowley, 458 U. S. 176, 203 fn25 (1982) and Mary P. v. Ill. State Bd. Of Ed., 23 IDELR pp 1064, 1068 (N.D. Ill. 1996).  Rowley dealt with the standard under the IDEA, 20 U.S.C. § 1400, et seq., that a special education student's Individualized Education Plan must provide educational benefit for compliance under

---

[1] This is defendants' reply brief.  Plaintiff entitled her opposition to defendants' summary judgment motion as a "Reply".

the Act to provide a "free and appropriate education."  Mary P., on the other hand, dealt with what the standard was for eligibility for special education services.  In that context, the court was analyzing an agency opinion letter interpreting the federal regulations.  Eligibility was determined by "whether the student is a 'child with a learning disability,' 20 U.S.C. § 1401(a)(1), whose condition 'adversely affects the child's educational performance.' 34 C.F.R. § 300.7."  Mary P. v. Illinois State Bd. of Educ., 919 F.Supp. 1173, 1180(N.D.Ill.1996).  It was in that context that the court referred to the regulations that required numerous factors to determine educational performance, which could include the child's development of communication skills, social skills and personality.

    2. Plaintiff May Not Assert a §1983 Claim Against the Individual Defendants, Gallucci and Hoffman.

Plaintiff's complaint clearly states that she has only brought her claims against Gallucci and Hoffman in their *official* capacities.  Therefore, the plaintiff has not pled a basis for individual liability under §1983, and has only brought her claims against the New Fairfield Board of Education.  Her assertion in her reply brief that she now seeks individual liability of these defendants comes too late.

Furthermore, plaintiff has not set forth how she is entitled to assert an individual liability claim against these defendants for a violation of Title IX, by use of §1983.  As

the Court is well aware, §1983 creates no substantive rights. Baker v. McCollan, 443 U.S. 137 (1979). Plaintiff's citation of Judge Dorsey's recent decision of Scruggs v. Meriden Bd. Of Ed., Docket No. 3:03CV 2224 (PCD), on a motion for judgment on the pleadings, relying on DeShaney v. Winnebago Cty. Soc. Servs. Dep't., 489 U.S. 189, 195 (1999), is also not supportive of her position. Plaintiff states in her brief that the basis of her §1983 claim is not the Constitution, but rather, Title IX. DeShaney stands for the proposition that there is no general governmental duty to protect its citizens under the substantive due process clause of the 14th Amendment. This does not support plaintiff's claim of individual liability under Title IX by way of §1983.

    The effect of plaintiff's argument that individual liability should lie simply because she is invoking §1983 in an effort to obtain a remedy that she cannot obtain by suing these individual defendants directly under Title IX. Such a result is anomalous. While the Second Circuit did not directly address the issue in Bruneau because it held the defendants were entitled to qualified immunity, the Second Circuit has addressed the issue of individual liability under Title VII and §1983. Under Title VII, only the "employer" and not individuals can be held liable. Section 1983 cannot be used to sue the individuals for a violation of Title VII because they cannot be sued directly under Title VII. A plaintiff cannot use Section 1983 to gain perceived advantages not available to a Title VII claimant. Saulpaugh v. Monroe Community Hospital, 4 F.3d 134, 143 (2d Cir. 1993), citing Carrion v. Yeshiva University, 535 F.2d

3

722, 729 (2d Cir.1976); See also, Huebschen v. Department of Health and Social Services, 716 F.2d 1167 (7th Cir. 1983). In Huebschen, the Seventh Circuit explained at 1171:

> The appellants contend that the appellee's action under 42 U.S.C. § 1983 is barred because Congress intended that Title VII be the exclusive remedy for employment discrimination of this kind. We need not reach this question, however, because even if Title VII does not preempt section 1983 in this area, a plaintiff cannot bring an action under section 1983 based upon Title VII against a person who could not be sued directly under Title VII.
>
> Both parties agree that Huebschen could not have maintained an action against Rader under Title VII because she was not an "employer" within the meaning of section 703(a)(1). The appellants contend that, as a result, Huebschen cannot bring an action against Rader under section 1983 based upon Title VII because relief under the former is limited to that available under the latter.
>
> We begin by noting that "§ 1983 by itself does not protect anyone against anything.... [It] does not provide any substantive rights at all." *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617-18, 99 S.Ct. 1905, 1915-16, 60 L.Ed.2d 508 (1979). A plaintiff bringing an action under section 1983 must show a deprivation of rights, privileges, or immunities "secured by the Constitution and laws." In this case, the substantive basis of the section 1983 claim is a violation of Title VII.
>
> The effect of allowing a plaintiff to bring an action under section 1983 based upon Title VII against a defendant who could not be sued directly under Title VII would be to enlarge the relief available to one bringing an action for a violation of Title VII. Plaintiffs proceeding under section 1983 for violations of Title VII would obtain a substantive enlargement of the latter if they were able to sue a class of persons immune from actions brought directly under Title VII. This circuit has not previously considered whether persons not amenable to suit under Title VII could nevertheless be subject to an action under section 1983 based upon Title VII. The Second and Fifth Circuits, however, have held that enforcing Title VII through section 1983 grants no greater substantive rights to a plaintiff than proceeding directly under the former statute.

> In *Rivera v. City of Wichita Falls,* 665 F.2d 531 (5th Cir.1982), the Fifth Circuit said that "when § 1983 is used as a parallel remedy with Title VII in a discrimination suit, the elements of the substantive cause of action are the same under both statutes." *Id.* at 534 n. 4 (citing *Whiting v. Jackson State University,* 616 F.2d 116, 121 (5th Cir.1980)). Similarly, in *Carrion v. Yeshiva University,* 535 F.2d 722, 729 (2d Cir.1976), the Second Circuit held that "[n]o greater or lesser protection against discriminatory practices is provided" by section 1983 than by Title VII. *Accord, Wintz v. Port Authority,* 551 F.Supp. 1323, 1325 (S.D.N.Y.1982).
>
> We see no basis for reaching a result different from that of the Second and Fifth Circuits. Rader was not an employer and thus did not violate Title VII. Therefore, there is no legal basis for allowing Huebschen to bring a section 1983 suit against her based on Title VII when he could not sue her directly under Title VII.

It appears that only one district court has previously considered the issue of individual liability under §1983 for a Title IX violation. The above reasoning that §1983 creates no substantive rights was employed by the court in disallowing the claims against the individuals under §1983.  Doe v. Covington County School Board of Ed., 930 F. Supp. 554 (M.D. Ala. 1996).   In addition, these defendants would be entitled to qualified immunity because individual liability under §1983 for Title IX has not been clearly established and their actions as set forth in their moving papers were not objectively unreasonable.  Saucier v. Katz, 533 U.S. 194 (2001).

5

For all these reasons, the Court should deny the Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

DEFENDANTS,
NEW FAIRFIELD HIGH SCHOOL, NEW FAIRFIELD BOARD OF EDUCATION, CHRIS HOFFMAN AND JOSEPH GALLUCCI, IN THEIR OFFICIAL CAPACITY

By /S/ Melinda A. Powell
   Melinda A. Powell
   ct 17049
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail:  mpowell@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 6th day of October, 2005.

Lawrence W. Berliner, Esquire
Klebanoff & Phelan, P.C.
433 South Main Street, Suite 102
West Hartford, CT  06110

John K. McDonald, Esquire
Kernan & Henry
207 Bank St, 4th Floor
P.O. Box 2156
Waterbury, CT 06722-2156

                                            /S/ Melinda A. Powell
                                            Melinda A. Powell