UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| L. S. PPA, MR. AND MRS. F.S. | } |
| | } |
| PLAINTIFFS | } CIVIL ACTION NO. |
| | } 3:02CV1386(SRU) |
| V | } SEPTEMBER 29, 2005 |
| NEW FAIRFIELD HIGH SCHOOL, NEW | } |
| FAIRFIELD BOARD OF EDUCATION, | } |
| CHRIS HOFFMAN AND JOSEPH GALLUCCI, | } |
| IN THEIR OFFICIAL CAPACITY | } |
| | } |
| DEFENDANTS | } |

**PLAINTIFF'S PROPOSED AMENDED LOCAL RULE 56(a)(2) STATEMENT**

In response to the Defendant's Local Rule 56(a)(1) Statement, the Plaintiff L.S. responds as follows:

1. Admitted

2. Denied

3. Admitted

4. Admitted

5. Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof. The testimony is taken out of context and is non-specific and the deposition testimony cited on page 16 of Defendants' Exhibit F does not support Defendants' Counsel's contention.

6.	Plaintiff has insufficient information to form a basis to admit or deny and leaves Defendants to their proof.  The actual deposition testimony cited differs and is taken out of context and the deposition testimony cited on page 16 of Defendants' Exhibit F does not support Defendants' Counsel's contention.

7.	Admitted

8.	Admitted

9.	Admitted in part, to the extent that Mr. Hoffman had testified, denied as to the balance, since his involvement was not limited to Exhibit G.

10.	Admitted

11.	Admitted

12.	Admitted in part, to the extent Mr. Hoffman had testified that he received training on sexual harassment, denied as to the balance, since the testimony in Exhibit G is at variance with this paragraph.

13.	Admitted

14.	Denied.  A copy of the Title IX policy was not part of the 2000-01 Student/Parent Handbook.

15.	Admitted in part, to the extent that the Plaintiff's parents had requested a copy of the Defendant's Title IX Policy prior to November 1, 2001, denied as to the balance.

16.	Admitted

17.	Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proofs.  The actual deposition testimony cited

on page 66 of Defendants' Exhibit G is taken out of context and is non-specific to which policies provided Defendant's that discretion and that deposition testimony is not supportive of Defendants' Counsel's contention.

  18. Admitted

  19. Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof. The actual deposition testimony stated that the Defendant had no recollection rather than Defendant's counsel's response and the deposition testimony on pages 15-16 of Defendants' Exhibit G is not supportive of Defendants' Counsel's contention.

  20. Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof. The Plaintiff's parents' testimony expressed concerns about a transition to high school rather than being picked on during the course of that meeting and the actual deposition testimony cited is not supportive of Defendants' counsel's contention.

  21. Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof. The deposition testimony actually indicated that the Defendant had no recollection and the actual deposition testimony cited is not supportive of Defendants' Counsel's contention.

  22. Plaintiff has insufficient information to form a basis to admit or deny and leaves the Defendants to their proof. There is an absence of deposition testimony on pages 26 to 27 in Defendants' Exhibit G to support Defendant's contention.

23. Admitted in part, to the extent that some of the perpetrators of the sexual harassment during the 2000-01 school year were Lindsay D'Angelo, Josh Norris, and Mandy Hayes, denied as to the balance of the paragraph.

24. Denied. The problems commence during the summer of 2000 prior to the commencement of the school year and continued thereafter.

25. Denied. Administrators were always present in the school building as required by state law.

26. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. There is an absence of deposition testimony page 25 in Defendants' Exhibit F to support Defendants' Counsel's claim.

27. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. The deposition testimony indicated that the Defendant had no specific recollection and the deposition testimony on page 36 of Defendants' Exhibit G is not supportive of Defendants' Counsel's contention.

28. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. The deposition testimony indicated that the Defendant had no specific recollection and that the Defendant the next day may or may not have had a conversation with D'Angelo and the deposition testimony cited on page 37 of Exhibit G is not supportive of Defendants' Counsel's contention.

29. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. Exhibit H and Exhibit U do not support Defendant Hoffman's claim regarding a meeting on November 17, 2000.

30. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. The actual deposition testimony on page 25 of Exhibit G cited does not support Defendant's counsel's contention.

31. Admitted in part, to the extent that Mr. Hoffman had scheduled a meeting with the Plaintiff and Lindsey D'Angelo, the balance of the paragraph is denied.

32. Admitted in part, to the extent that Plaintiff's had attended a meeting with Mr. Hoffman, the Plaintiff and Lindsey D'Angelo, the balance of the paragraph is denied.

33. Admitted in part, to the extent that Dr. Gallucci had met with the Plaintiff and/or her father, the balance of the paragraph is denied.

34. Admitted in part to the extent that Plaintiff's father had informed Dr. Gallucci of Mr. Hoffman's use of profanity and vulgar language with the Plaintiff during the meeting referenced in paragraph 33, the balance of the paragraph is denied.

35. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. Plaintiff would like to amend this response and admit the paragraph.

36. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. The actual deposition testimony on page 27 of Exhibit F does not support Defendant's counsel's contention.

37. Admitted in part, to the extent that Plaintiff's father had complained that the Defendants had not meted out sufficient discipline to Lindsey D'Angelo per school policy, the balance of the paragraph is denied.

38. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. The actual deposition testimony on page 28 of Defendants' Exhibit F does not support Defendants' Counsel's contention.

39. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. Plaintiff would like to amend this response and admit it.

40. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. The actual deposition testimony on page 29 of Defendants' Exhibit F does not support Defendants' Counsel's contention.

41. Admitted in part, to the extent that Dr. Gallucci had met within the Plaintiff's father, the balance of the paragraph is denied.

42. Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof. The actual deposition testimony on pages 13-14 on Exhibit A do not support Defendants' Counsel's contention and

the deposition of D'Angelo indicated that she had no recollection of any events four to five years ago.  Defendant's Exhibit C pp 14-15.

    43.    Plaintiff has insufficient information to admit or deny the allegations and leaves the Defendants to their proof.   Plaintiff would like to amend this response and admit it.

    44.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition testimony cited on page 14 of Defendants' Exhibit D does not support Defendants' Counsel's contention.

    45.    Admitted

    46.    Admitted

    47.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The actual deposition testimony on page 30 of Defendants' Exhibit B does not support Defendants' Counsel's contention since the deponent testified that she could not see into the heads of what other NFHS girls were thinking and pp. 35 are devoid of any testimony that supports Defendants' Counsel's contention.  There is a reference to jealousy on page 57, however, it is non-specific and taken out of context.

    48.    Admitted in part, to the extent that Plaintiff's father had requested Dr. Gallucci to undertake appropriate disciplinary measures against New Fairfield High School students who were physically assaulting or sexually harassing the Plaintiff, the balance of the paragraph is denied.

7

49. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. Plaintiff would like to amend this response and admit it.

50. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. The actual deposition testimony on page 60 of Defendant's Exhibit F is non-specific except for a brief reference to the locker vandalism and does not support Defendants' Counsel's contention.

51. Admitted

52. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. The actual deposition testimony on page 31 of Defendant's Exhibit F contains more than one incident involving other students since the complete narrative continues on page 32, and does not support Defendants' Counsel's contention.

53. Admitted in part, to the extent that Josh Norris had made inappropriate comments to the Plaintiff and physically assaulted her in the hallway at New Fairfield High School, the balance of the paragraph is denied.

54. Admitted

55. Admitted

56. Plaintiff has insufficient knowledge to admit or deny the allegation and leaves the Defendants to their proof. Defendant has failed to comply with L.R. Civ. P. 56(a)(3) and provide materials for review.

57. Plaintiff has insufficient knowledge to admit or deny the allegation and leaves the Defendants to their proof. Defendant has failed to comply with L.R. Civ. P. 56(a)(3) and provide materials for review.

58. Plaintiff has insufficient knowledge to admit or deny the allegations and leaves Defendants to their proof. Defendant has failed to comply with L.R. Civ. P. 56(a)(3) and provide materials for review.

59. Plaintiff has insufficient knowledge to admit or deny the allegation and leaves Defendants to their proof. Defendant has failed to comply with L.R. Civ. P. 56(a)(3) and provide materials for review.

60. Admitted

61. Admitted

62. Admitted

63. Plaintiff has insufficient knowledge to admit or deny the allegations and leaves defendants to their proof. Plaintiff would like to amend this response and admit it.

64. Plaintiff has insufficient knowledge to admit or deny the allegations and leaves Defendants to their proof. There is nothing within Defendant's Exhibit U that indicated that the Defendants had instructed the NFHS students mentioned to cease their behavior towards the Plaintiff.

65. Plaintiff has insufficient knowledge to admit or deny the allegation and leaves Defendants to their proof. Plaintiff would like to amend this response and admit it.

66.     Plaintiff has insufficient knowledge to admit or deny the allegations and leaves Defendant to their proof.  There is nothing in the deposition testimony cited on pages 18-9 of Defendant's Exhibit A that supports Defendants' Counsel's contention.

67.     Admitted in part, to the extent that Mr. Hoffman was aware of a graffiti problem containing specific sexual references to the Plaintiff by name located in the girls' bathrooms at New Fairfield High School, the balance of the paragraph is denied.

68.     Admitted

69.     Admitted in part, to the extent that the New Fairfield High School custodial staff had been asked to paint over the sexual offensive graffiti located in the New Fairfield High School girls' bathroom, the balance of the paragraph is denied.

70.     Admitted in part, to the extent that Plaintiff's father had advised Dr. Gallucci of the existence of sexually offensive graffiti located in the New Fairfield High School girls' bathroom that referred to the Plaintiff, the balance of the paragraph is denied.

71.     Admitted

72.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition testimony on page 59 of Defendants' Exhibit F was taken out of context since the Plaintiff's parents had

been complaining about the graffiti since November, 2000. <u>Plaintiff's Exhibit I</u> in support of Plaintiff's <u>Motion for Summary Judgment</u>.

    73.    Admitted

    74.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. The deposition testimony on page 98 of Defendant's Exhibit F does not support Defendants' Counsel's contention.

    75.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. Defendant has filed to comply with L.R. Civ. P. 56(a)(3) and attached a copy of the deposition transcript.

    76.    Admitted

    77.    Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof. There is no online profile annexed to Defendants' Exhibit J as required by L.R. Civ. P. 56(a)(3).

    78.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. There is nothing within the deposition testimony on page 39 of Defendants' Exhibit F to establish that the Defendant Gallucci had received a "complaint."

    79.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. Plaintiff would like to amend this response and admit it.

    80.    Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. There is nothing within the deposition

testimony on page 40 of Defendants' Exhibit F to support Defendants' Counsel's contention relative to sexual innuendo about upper classmen.

  81. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. There was no competent evidence to support this allegation and it was denied by Marvin in her deposition testimony. <u>Marvin Deposition</u> pp. 70, 77 March 8, 2005.

  82. Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof. The deposition testimony cited on page 93 of Defendants' Exhibit F is taken out of context and the Defendant Gallucci testified that other students had created and initiated consternation towards the Plaintiff.

  83. Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof. Plaintiff would like to amend this response and admit it.

  84. Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof. The deposition testimony cited on pages 102-104 of Defendants' Exhibit B is not supportive of Defendants' Counsel's contention since the deponent admitted to such knowledge as of March 29, 2001.

  85. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof. The deposition testimony cited on page 38 of Defendants' Exhibit F is not supportive of Defendants' Counsel's contention.

86. Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.  The deposition testimony cited on page 34 of Defendants' Exhibit 34 is not supportive of Defendants' Counsel's contention since there are references to several types of information on that page.

87. Admitted in part, as to the first sentence, the second sentence is denied.

88. Admitted in part, as to the student interview, including Mandy Hayes, the balance of the paragraph is denied.

89. Admitted

90. Admitted in part, as to the information provided by the Plaintiff's father, the Plaintiff has insufficient information to admit or deny the balance of the paragraph.

91. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  Plaintiff would like to amend this response and admit it.

92. Admitted

93. Admitted

94. Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition testimony cited on pages 29-30 of Defendants' Exhibit E is not supportive of Defendants' Counsel's contention since the deponent admitted, then denied, then stated that she did not know or remember if she had any involvement with the poster incident.

95.     Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.  The deposition testimony cited on page 33 of Defendants' Exhibit F indicated that the parent of the student under investigation was planning on calling a lawyer.

96.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  See response ¶86, supra.

97.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  Plaintiff admits to the existence of <u>Exhibit O.</u>  The Defendants have not complied with L.R. Civ. P. 56(a)(3) and attached information required by this Rule.

98.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition testimony cited on pages 34, 35, 36 is not supportive of Defendants' Counsel's contention since it is general and non-specific.  Defendants have failed to comply with L.R. Civ. P. 56(a)(3) and attached information for review.

99.     Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  Plaintiff admits to the existence of <u>Exhibits O, P, and Q.</u>  Plaintiff would like to amend this response and admit it.

100.    Admitted in part, to the extent that an ex-boyfriend of Mandy Hayes had talked to the Plaintiff in middle school and Mandy Hayes did not like the Plaintiff, the balance of the paragraph is denied.

101.    Admitted

102.	Admitted

103.	Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition testimony on page 72 of Defendants' Exhibit G is not supportive of Defendants' Counsel's contention.

104.	Admitted in part, as to the deponent's testimony, denied as to the total number of incidents that occurred during the 2000-02 school year.  The Plaintiff has insufficient information to admit or deny the allegations set forth in the second or third sentences in this paragraph and leaves the Defendants to their proof.

105.	Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition cited on page 106 of Defendants' Exhibit F is taken out of context and inconsistent in part with paragraphs 105 of Defendants' Rule 56(a)(1) Statement.

106.	Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.

107.	Plaintiff has insufficient information to admit or deny the allegation and leaves Defendants to their proof.

108.	Admitted in part, to the extent that Dr. Gallucci had met with the Plaintiff's parents, the balance of the paragraph is denied.

109.	Plaintiff has insufficient information to admit or deny the allegation and leaves the Defendants to their proof.  The deposition testimony on pages 85 and 86 of Defendants' Exhibit F is not supportive of Defendants' Counsel's

contention since the Defendant stated that New Fairfield was a leader in New Fairfield.

110. Denied, to the extent that the Plaintiff did not believe such measures were effective for her.

111. Admitted in part, as to the Plaintiff assisting the school secretary, the balance of the paragraph is denied.

112. Denied

113. Admitted

114. Admitted

**Disputed Issues of Material Fact**

1. Whether Plaintiff's common law claims are barred by the Defendants' claim of governmental immunity?

2. Whether Defendants were deliberately indifferent to Plaintiff's repeated reports of sexual harassment and request for assistance?

3. Whether Defendants intended to cause and inflict emotional distress or knew that their conduct was likely to cause Plaintiff sustained emotional distress.

4. Whether Defendants disclosed their Title IX policy to the Plaintiff or her parents during the 2000-01 school year?

5. Whether Defendants repeated references to "catty girl stuff" sufficiently apprised them that Plaintiff was being harassed on the basis of her sex by New Fairfield High School students throughout the 2000-01 school year?

6. Whether Defendants' knowledge of sexually explicit graffiti located in the girls' bathroom at New Fairfield High School with specific references to the Plaintiff constituted sufficient notice to the Defendants of sexual harassment?

7. Whether the use of sexually offensive and vulgar language by New Fairfield High School students directed at the Plaintiff on school grounds and functions with Defendants actual or apparent knowledge constituted sufficient notice to the Defendants of sexual harassment?

8. Whether Defendants knowledge of a series of posters posted at New Fairfield High School with sexually explicit and vulgar references to the Plaintiff constituted sufficient notice to the Defendants of sexual harassment.

    PLAINTIFFS

    By_____
      Lawrence W. Berliner
      Klebanoff & Alfano, P.C.
      Corporate Center West
      433 South Main Street Suite 102
      West Hartford, CT 06110
      Tel. No. (860) 313-5005
      Fed. Bar No. CT 7002

**CERTIFICATION OF SERVICE**

    A copy of the forgoing has been mailed by first class mail, postage prepaid, this 29th day of September, 2005 to Attorney Melinda Powell, 65 Wethersfield Avenue, Hartford, CT 06114 and Attorney John K. McDonald, Kernan & Henry, LLP, P. O. Box 2156, Waterbury, CT 06722.

                                               _____

                                               Lawrence W. Berliner
                                               Klebanoff & Alfano, P.C.
                                               433 South Main Street Suite 102
                                             West Hartford, CT 06110