| | |
|---|---|
| L. S. | } |
| | } |
| PLAINTIFF | } CIVIL ACTION NO. |
| | } 3:02CV1386(SRU) |
| V | } APRIL 24, 2006 |
| NEW FAIRFIELD HIGH SCHOOL, NEW | } |
| FAIRFIELD BOARD OF EDUCATION, | } |
| CHRIS HOFFMAN AND JOSEPH GALLUCCI, | } |
| IN THEIR OFFICIAL CAPACITY | } |
| | } |
| DEFENDANTS | } |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS**

I.  **BACKGROUND**

In accordance with the provisions of Local Rule of Civ. Pro. 54(b), the Plaintiff Lydia Stolfi, hereby objects to Defendants' Bill of Costs dated April 14, 2006. On March 13, 2006 the Court (Underhill, J.) heard oral argument on the parties respective motions for summary judgment. The original parties, Mr. and Mrs. F. S., were dismissed form this action on the grounds that Mr. F.S. is deceased and Mrs. F.S. had appeared for L.S. at the time she was a minor child. The Court granted Defendants' Motion for Summary Judgment and denied Plaintiff's motion.

II. **DEFENDANTS' BILL OF COSTS SHOULD BE REDUCED OR DISALLOWED**

The Defendants' seek costs of $2,252.81. The Defendants' costs should be disallowed because they are either not authorized by the provisions of Local Rule Civ. Pro. 54, or if authorized, the amounts requested are excessive .

The provisions of Local Rule Civ. Pro. 54(c)(3) authorizes the costs of exhibits appended to a motion for summary judgment. The Defendants have not demonstrated in their Bill of Costs their exemplifications as required by Local Rule Civ. Pro. 54(c)(3)(i). Even if such exemplification has been demonstrated, the amounts requested by the Defendant are either excessive or not authorized by Local Rule Civ. Pro. 54. The Defendants seek $50.00 for fees for copying, $8.00 for exhibit tabs, and $212.00 for 280 pages of exhibits appended to Defendants' Motion for Summary Judgment. The Local Rule does not provide for copying costs and the $50.00 requested by the Defendants should be disallowed. The Local Rules does not provide for the imposition of costs for exhibit tabs and the $8.00 requested by the Defendants should be disallowed. The Defendants seek $0.15 per page for 280 pages of exhibits annexed to their Motion for Summary Judgment. The per page amount is excessive and should be reduced to $0.05 per page. The Plaintiff objects to fees in excess of $14.00 for exhibits annexed to Defendants' Motion for Summary Judgment.

The Defendants seek $1,842.81 for deposition costs. The Court Reporter used by the Defendants charged an appearance fee of $75.00 or $95.00. The Defendants have not explained the differential rates for the Court Reporter. The Court should find instead that an appearance fee of $75.00 is reasonable and disallow any amounts over that amount for each deposition completed by the Defendants. The appearance fees should be reduced by $40.00.

The Defendants seek witness fees of $63.00 per witness and service of process fees of $57.00 per witness for a total of $360.00. These costs associated with private

process server Alan Jones should be disallowed. In his return of service for Josh Norris, Private Process Server indicated that he had served a subpoena under the Bankruptcy Code on Josh Norris. The provisions of Local Rule Civ. Pro. 54(c)(1) requires that all claims of private process servers be supported by proper documentation. Private Process Server Alan Jones has not submitted proper documentation relative to his purported service since the document supposedly served, a subpoena in a case under the Bankruptcy Code, bore no relationship whatsoever to this action, an action arising out of Title IX of the Educational Amendments of 1972, as amended, and not the U.S. Bankruptcy Code. In the absence of Alan Jones providing proper documentation, the Defendants' request for $120.00 in costs relative to Josh Norris should be disallowed.

  The costs of private process server Alan Jones relative to Lindsay D'Angelo should be disallowed. In his Return of Service relative to his attempt to serve Lindsay D'Angelo on June 18, 2004, Alan Jones described a situation whereby he attempted to serve Lindsay D'Angelo but was apparently not successful. At best, Mr. Jones attempted abode service of a subpoena whereas the provision of F.R. Civ. P. 45(b) requires service upon the person. The Return of Service completed by Private Process Server Alan Jones is at best contradictory since he states that service was accomplished per paragraph two and then in paragraph four he states that in person service was not made. In the absence of private process servicer Alan Jones submitting proper documentation, Defendants request for $120.00 in costs related to Lindsay D'Angelo should be denied. The Defendants' Bill of Costs should be reduced by at least $366.00 because costs requested were either not authorized, not properly documented and/or excessive.

### III. THE PLAINTIFF SHOULD BE EXCUSED FROM PAYING ANY COSTS

The Defendants' Bill of Costs should be denied on the grounds of the Plaintiff L.S.' indigency. The Plaintiff L.S. was a full time high school student who was below the age of 18 at the time this action was commenced. Shortly after her high school graduation or eighteenth birthday, the Plaintiff intended to enroll full time as a student at the University of Connecticut where she has remained at relevant times. (Attachment A) Deposition of Joan Stolfi and Lydia Stolfi. Even if some of the Defendants' Bill of Costs are allowed, the Plaintiff is not gainfully employed and lacks funds to pay such costs that may be allowed. Consequently, a financial hardship will be created and the Plaintiff L.S. requests that she be excused from payment of any costs that may be allowed.

### IV. THE DEFENDANT UNREASONABLY PROTRACTED THIS PROCEEDING AND SHOULD NOT BE AWARDED ANY COSTS

The Court should disallow Defendants' Bill of Costs due to their efforts to unreasonably protract this proceeding. Following the March 2, 2004 status conference, Judge Underhill asked the parties to explore settlement prospects. The Plaintiff provided a letter dated March 29, 2004 to the Defendants for discussion. There was an absence of any substantive response or discussion from the Defendants to Plaintiff's settlement offer.

The Defendants filed several Motions for a Stay in this proceeding since September, 2002 based upon a Pennsylvania State Court's ruling that placed the Defendants' insurance carrier in receivership. While their may have been a basis for a state court to stay other state court proceedings, there was no legal basis for a state

court to enjoin or stay a federal court action. While the Court granted one stay, the Defendants' filed additional requests for a stay, thereby causing this action to be unreasonably delayed.

If the Defendants' had engaged in any efforts to resolve this matter in advance of scheduled depositions and incurring other costs, following the initial Rule 26(a) disclosures, their costs would have been minimized or non-existent. Instead, the Defendants unreasonably protracted this proceeding with their repeated requests for a Stay and refused to engage in any meaningful discussion to resolve this matter.

## IV.  CONCLUSION

The Plaintiff L.S. respectfully requests that Defendants' Bill of Costs be substantially reduced or denied for the reasons set forth herein.

L.S., Plaintiff

By_____
   Lawrence W. Berliner, Her Attorney
   Klebanoff & Alfano, P.C.
   433 South Main Street Suite 102
   West Hartford, CT 06110
   (860) 313-5005
   Federal Bar No. ct 7002

## CERTIFICATION OF SERVICE

    A copy of the forgoing has been mailed by first class mail, postage prepaid, this day of April, 2006 to Attorney Melinda Powell, 65 Wethersfield Avenue, Hartford, CT 06114 and Attorney John K. McDonald, Kernan & Henry, LLP, P. O. Box 2156, Waterbury, CT 06722.

_____

Lawrence W. Berliner
Klebanoff & Alfano, P.C.
433 South Main Street Suite 102
West Hartford, CT 06110

**ATTACHMENT A**